**Harold Michael GRIFFIN and Linda Griffin, Appellants,**

v.

**THE TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.**

No. 05–99–00349–CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 1999.

W.D. Masterson, Kilgore & Kilgore, Inc., Dallas, for Appellant.

Brian K. Truncale, Larry S. Kaplan, Law Offices of Blake Hyde, Dallas, for Appellee.

Before Justices BRIDGES, O'NEILL, and STEPHENS.[1]

## OPINION

Opinion by Justice BILL J. STEPHENS (Retired).

Harold Michael Griffin and Linda Griffin (collectively, Griffin) appeal a summary judgment granted in favor of Travelers Indemnity Company of Rhode Island (Travelers). In two points of error, Griffin contends the trial court erred by granting summary judgment for Travelers because he was entitled to recover under his employer's automobile insurance policy or, alternatively, because the policy is ambiguous and its meaning is a question of fact. We affirm the trial court's judgment.

## BACKGROUND

Jillian Spuck drove into and injured Harold Griffin as he stood beside his car on a parking lot at Texas A & M University in College Station, Texas. At the time, Griffin was on a business trip for his employer, Mutual Life Insurance Company of

---

**1.** The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

New York (MONY). Spuck's automobile insurance carrier paid Griffin $20,000, the limits of its liability coverage under her policy. Griffin filed a claim for additional damages with Travelers, MONY's automobile insurance carrier. Griffin claimed that he qualified for coverage under MONY's insurance policy's uninsured/underinsured motorist (UIM) and personal injury protection (PIP) endorsements. When Travelers refused to pay him, Griffin sued it for the policy limits of $1,000,000. Both parties filed motions for summary judgment on the issue of Travelers's liability. The trial court denied Griffin's motion and granted Travelers's motion. This appeal followed.

## SUMMARY JUDGMENT

Griffin argues summary judgment for Travelers was improper because he was entitled to recover from MONY's insurance policy as a matter of law. Specifically, Griffin contends MONY leased his automobile, rendering it a "covered automobile" under MONY's UIM and PIP endorsements.

### Standard of Review

The standard for reviewing a summary judgment is well established. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a plaintiff must conclusively establish all elements of his cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972); Tex.R. Civ. P. 166a(c). On the other hand, the defendant, as movant, must either (1) disprove at least one element of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A matter is conclusively established if ordi-

nary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

When, as in this case, both parties file motions for summary judgment and one is granted and one is denied, we review all questions presented. *Nationwide Property & Casualty Ins. Co. v. McFarland*, 887 S.W.2d 487, 490 (Tex. App.-Dallas 1994, writ denied). We review the summary judgment do novo to determine whether a party's right to prevail is established as a matter of law. *Howard v. INA County Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex.App.-Dallas 1996, writ denied).

### The Summary Judgment Evidence

Griffin's summary judgment evidence included MONY's insurance policy and Griffin's deposition. The insurance policy provided that Griffin would have to have been occupying a "covered auto" at the time of the accident to qualify as an insured under the policy. "Covered auto" means an auto MONY owned or leased. In his deposition, Griffin testified MONY agreed to reimburse him at the rate of thirty-one cents per mile when he used his car for company business. According to Griffin, no one at MONY had the right to use his personal car. Later in his deposition, Griffin stated, "[A]ny reasonable person would . . . see that MONY told me to go to A & M, they gave me 31 cents a mile, told me when to be there, what to do, what to say and to deny that they're leasing my car, to me it just flies in the face of what I perceive to be reality."

Travelers's summary judgment evidence included an affidavit from Richard Barrick, Griffin's supervisor at MONY. Barrick testified in his affidavit that MONY (1) did not restrict, direct, or control the way Griffin drove on company business, (2)

agreed to reimburse Griffin for mileage when Griffin used his car for company business, (3) had no other agreement with Griffin regarding his use of his automobile for personal or company business, and (4) did not have the right to possess or use Griffin's automobile.

## Exclusive Use or Control

Griffin contends that because MONY reimbursed him for mileage when he used his automobile on MONY business, MONY leased his automobile from him. Griffin cites only Webster's Dictionary as authority for his assertion that MONY's reimbursing him for mileage constituted a lease, and he claims the endorsements covered his automobile because MONY instructed him to go to College Station and told him what to do there.[2]

Our research reveals no Texas state cases interpreting the term "lease" in an automobile insurance contract. However, several federal cases have interpreted whether insureds "hired" vehicles for the purpose of insurance coverage. *See Toops v. Gulf Coast Marine, Inc.,* 72 F.3d 483, 487–88 (5th Cir.1996); *Sprow v. Hartford Ins. Co.,* 594 F.2d 418, 422 (5th Cir.1979); *Russom v. Insurance Co. of N. Am.,* 421 F.2d 985, 993 (6th Cir.1970). In *Toops,* Dayton–Scott hired Rig Runner to deliver some crane equipment to Union Carbide. Rig Runner hired two drivers to transport the crane parts on tractor-trailers from Louisiana to Texas. One of the tractor-trailers struck and killed Toops. · Toops's parents sued the driver, Rig Runner, and Dayton–Scott. During the litigation, Rig Runner demanded that Dayton–Scott's insurers defend it and pay any judgment against it up to policy limits. When determining whether Dayton–Scott hired a

"covered auto" under Dayton–Scott's insurance policy, the *Toops* court distinguished between hiring a company that provides transportation and hiring a truck. The court stated, "[F]or a vehicle to constitute a hired automobile, there must be a separate contract by which the vehicle is hired or leased to the named insured for his exclusive use or control." *Toops,* 72 F.3d at 487 (citing *Sprow,* 594 F.2d at 422). *See also Liberty Mut. Ins. Co. v. American Employers Ins. Co.,* 556 S.W.2d 242, 245 (Tex.1977) (plant whose employees unloaded plywood decking delivered by plywood company was not "borrower" of plywood company's truck as used in automobile insurance policy because it did not have possession [i.e., the right to exercise dominion and control] of truck).

We consider the reasoning of the federal courts persuasive and their analysis of "hired" applicable to the term "leased" in this case. For Griffin's vehicle to be "leased" under MONY's UIM or PIP endorsement, MONY must have had exclusive use or control of the vehicle during the lease. *Toops,* 72 F.3d at 487.

MONY may have instructed Griffin where to go and what to do at Texas A & M University and reimbursed him for his mileage, but the uncontroverted summary judgment evidence established that MONY did not have the right to use or control Griffin's vehicle. Consequently, for purposes of the PIP and UIM endorsements, MONY did not lease Griffin's car. We overrule Griffin's first point of error.

## Ambiguity

In his second point of error, Griffin contends the UIM and PIP endorsements are ambiguous and their meaning is a question of fact for a jury. Specifically, Griffin argues that "lease" is synonymous with "rent," "charter," and "hire." We agree that, for the purpose of analyzing Griffin's argument, the terms "lease" and "hire" are interchangeable.

**2.** Citing Webster's Dictionary, Griffin defines "lease" as "to grant the temporary possession or use of to another usually for compensation at a fixed rate," and "hire" as "to engage the temporary use of at a set price." Griffin

argues the term "lease" is ambiguous because the parties advance different definitions of the term.

 If an insurance contract is subject to more than one reasonable interpretation, the contract is ambiguous and the interpretation that most favors coverage for the insured will be adopted. *Kelly Assocs., Ltd. v. Aetna Cas. & Sur. Co.,* 681 S.W.2d 593, 596 (Tex.1984). An ambiguity does not arise simply because the parties advance conflicting interpretations of the contract. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 134 (Tex.1994); *Sun Oil Co. (Delaware) v. Madeley,* 626 S.W.2d 726, 727 (Tex.1981). For an ambiguity to exist, both interpretations must be reasonable. *See National Union Fire Ins. Co. v. CBI Indus.,* 907 S.W.2d 517, 520 (Tex. 1995); *see also Glover v. National Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex. 1977). However, a contract is unambiguous as a matter of law if it can be given a definite or certain legal meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex.1996); *CBI Indus.,* 907 S.W.2d at 520.

We have already determined that "lease" has a definite meaning applicable to this case. Varying dictionary definitions of "lease" do not create an ambiguity. Under Griffin's interpretation of the term, MONY's UIM and PIP endorsements would cover any automobile driven by a MONY employee on company business. No reasonable corporation would pay premiums to insure its employees' private vehicles when the corporation has no right to control or use the vehicles. There is no reasonable interpretation of "lease" that would apply to MONY's reimbursing its employees for mileage when they use their private automobiles for MONY business. We overrule Griffin's second point of error.

Accordingly, we affirm the trial court's judgment.