**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 7, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-30422
Summary Calendar
_____

MELODY JO LOPER; ET AL.,

                                                    Plaintiffs,

MELODY JO LOPER; MARSHALL LOPER; TERRY G. LOPER; MARTHA LOPER;
CLINT LOPER; SHANNA LOPER; MALCOLM D. LOPER,

                                          Plaintiffs-Appellants,
                          versus

HARRIS DUFRENE; ET AL.,

                                                    Defendants,

NATIONAL UNION FIRE INSURANCE COMPANY

                                          Defendant-Appellee
----------------------------

THOMAS GRANT MOORE; ET AL.,

                                                    Plaintiffs,

HAROLD DAVID ANDREWS

                                           Plaintiff-Appellant,
                          versus

PGS EXPLORATION (US) INC; ET AL.,

                                                    Defendants,

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA,

                                          Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
(99-CV-1350-L c/w 99-CV-2358-L)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants appeal the district court's final judgment filed on March 5, 2002, dismissing their claims against National Union Fire Insurance Company of Pennsylvania ("NUFIC"). They contend that the district court erred in its analysis of the NUFIC insurance contract here at issue. For the reasons that follow, we affirm.

## I. Facts and Proceedings

This litigation (originally two suits, which were consolidated in the district court) arises out of a collision between a van and a dump truck that occurred on Louisiana Highway 1 in LaFourche Parish, Louisiana. Appellant Harold Andrews ("Andrews") and Wallace Loper, the husband of Appellant Melody Jo Loper ("Mrs. Loper"), were passengers in the van at the time of the accident. Both were employees of PGS Exploration, Inc. ("PGS"). PGS had contracted with the van's operator, Central Dispatch Incorporated ("CDI"),[1] to provide transportation for its employees from Port Fourchon, Louisiana, where the seismic vessel on which they worked was docked, to New Orleans airport for transportation home. Wallace Loper was killed in the collision and Andrews was rendered

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although CDI operated the van, it did so under a lease from Centanni and Company, the owner of the van.

a ventilator-dependent quadriplegic.

Andrews and Mrs. Loper brought separate suits against, _inter alia_, NUFIC, which furnished insurance (the "Policy") to PGS and its employees. In their suits, these Appellants contended that the Policy's uninsured motorist ("UIM") coverage of PGS included the van's passengers at the time of the crash. The suits against NUFIC proceeded to a bench trial, and in a January 2002 order, the district court denied Appellants' Motion for Judgment against NUFIC, finding that they had not established that the van in which Andrews and Wallace Loper were traveling was a "covered auto" under the UIM provision of the Policy.[2] This, in turn, meant that Andrews and Wallace Loper were not "covered individuals" at the time of the accident. On March 5, 2002, the district court rendered judgment for NUFIC and dismissed Appellants' claims against it with prejudice.

## II. Analysis

A. Standard of Review

The district court's findings of fact will not be set aside unless clearly erroneous, but we review any conclusions of law _de novo_.[3]

B. Was the van a "covered auto"?

---

[2] _See_ _Loper v. National Union Fire Ins. Co._, No. Civ.A. 99-1350, 2002 WL 88942 (E.D. La. Jan. 22, 2002) (unpublished).

[3] _See_, _e.g._, _Kona Tech. Corp. v. S. Pac. Transp. Co._, 225 F.3d 595, 601 (5th Cir. 2000).

The essential question is whether the van at issue was a covered vehicle under the terms of the Policy's UIM provision. The UIM provision dictates that a vehicle is covered under the policy in either of two situations: (1) when it is "owned or leased" by the insured (in this case, PGS), or (2) when it is "temporarily used as a substitute" for an "owned covered auto" that is unusable because of mechanical problems.[4] No one disputes that PGS did not own the van, and that it was not being used in place of another temporarily disabled vehicle. Therefore, the question presented is whether the vehicle was leased by PGS.

As the district court noted in its order denying judgment to Appellants, there was evidence at trial that PGS contracted with CDI for performance of a variety of services in addition to transporting employees, including warehousing and transporting parts. There is, of course, a substantial difference between contracting to perform services and merely leasing a vehicle. And, as the district court noted, applicable Texas law[5] supports the finding that no lease existed in the instant case. Specifically,

---

[4] Appellants argue that language taken from the "Business Auto Coverage Form" indicates that any auto "lease[d], hire[d], rent[ed], or borrow[ed]" by PGS is a "covered auto" under the UIM provision. That definition, however, is only applicable if the Declarations page of the Policy references the corresponding code in its UIM section, which it does not. It instead references the UIM Endorsement page, which contains the "covered auto" definition quoted above.

[5] The district court had decided in February 2001 that Texas law governs this dispute, a decision that has not been challenged.

4

<u>Griffin v. Travelers Indemnity Co.</u> dictates that no lease exists if the purported lessee does not have "exclusive use or control" of the vehicle.[6]  Here, the evidence indicates that PGS did not have such exclusive control.  Furthermore, the <u>Griffin</u> court found persuasive our reasoning from <u>Toops v. Gulf Coast Marine Inc.</u>, which required a separate contract to establish that a vehicle was "hired"[7] —— also absent in the instant case.

In short, the evidence at trial showed conclusively not that PGS leased the vehicle in question, but that it contracted with CDI for a number of services among which was included the transportation of employees.  This conclusion is fully supported by applicable Texas law; and, when viewed in the light of the unambiguous language of the Policy, the van was not a "covered auto" under the UIM provision of the Policy.  In fact, given that Policy language (and, notwithstanding Appellants' transposition of inapplicable language to make it appear otherwise) and the state of Texas law, this appeal approaches the line separating permissively aggressive advocacy from frivolousness.[8]

### III. Conclusion

---

[6] 4 S.W.3d 915, 918 (Tex. App. — Dallas 1999, pet. denied).

[7] <u>See</u> <u>id.</u> (citing <u>Toops v. Gulf Coast Marine Inc.</u>, 72 F.3d 483, 487 (5th Cir. 1996)).

[8] For reasons that should now be obvious, the appellants' request for attorneys' fees is also rejected.  Similarly, we decline to certify any purported questions of Texas law raised in this case to the Texas Supreme Court, which Appellant Andrews requested in his reply brief.

For the foregoing reasons, all rulings of the district court in this case are

AFFIRMED.