TRITON OIL AND GAS CORPORA-
TION, Petitioner,

v.

MARINE CONTRACTORS AND
SUPPLY, INC., Respondent.

No. C–630.

Supreme Court of Texas.

Nov. 3, 1982.

Charles H. Clark, Tyler, for petitioner.

Hunter, Stewart, Salzberger, Vineyard & Miller, Harry J. Martin, Jr., Dallas, for respondent.

John L. Roach, Inc., William H. Butterfield, Jr. and D. Stephen Fort, Dallas, Houston Munson, Gonzales, for petitioner.

Lilly and Winchester, Lance C. Winchester, Houston, for respondent.

McGEE, Justice.

This suit involved a counterclaim for usury in which the trial court overruled the debtor's motion to include usury penalties in the judgment rendered against the creditor. The court of appeals reversed that part of the judgment overruling the debtor's motion and rendered judgment in favor of the debtor for twice the amount of usurious interest charged. We affirm the judgment of the court of appeals.

Triton Oil & Gas Corporation entered into a letter agreement with Marine Contractors & Supply, Inc., whereby Triton agreed to drill, complete, equip, and maintain a well for the production of oil and gas in Lavaca County. Triton was to pay two-thirds of the "cost, risk and expense," and Marine was to pay the remaining one-third. The letter agreement contained no provision for interest to be charged on any outstanding balance Marine might incur.

Marine became dissatisfied with Triton's performance and refused to pay its pro rata share of the costs. Triton charged Marine 10 percent interest on its unpaid balance and sent Marine monthly invoices which reflected this charge. Marine did not complain of the interest charges, but Marine did not pay any of the invoices or receive any proceeds from the well.

Triton brought suit to recover Marine's share of the costs plus the interest charges thereon. Marine counterclaimed, alleging negligence, conversion, and usury. No special issues regarding the usury claim were requested or submitted by either party. After trial to a jury, final judgment was rendered in favor of Marine for the sum of $131,542.33, plus an additional $89,629.00 which represented Marine's pro rata share of the proceeds from the well. Marine then filed a motion in the trial court to include damages for usury in the judgment. This motion was overruled.

Triton appealed. By cross-point, Marine claimed the 10 percent interest rate charged by Triton on Marine's outstanding balance was usurious. Marine contended that since the written contract between the parties did not specify a rate of interest, the highest allowable rate under Article 5069–1.03 was 6 percent. The court of appeals sustained Marine's cross-point and rendered judgment for Marine for twice the amount of the usurious interest charged as provided by Article 5069–1.06(1), Tex.Rev.Civ.Stat. Ann.

Article 5069 -1.03 provides:

When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the sum is due and payable.

Article 5069 1.03, Tex.Rev.Civ.Stat.Ann.

It is uncontroverted that Triton charged Marine 10 percent interest on a written contract which contained no provision for interest. Triton, however, contends Marine waived its right to recover on the usury claim by failing to submit a special issue on the absence of any agreement between the parties specifying a rate of interest. Tex.R. Civ.P. 279. Marine contends no request for special issues was required because the evidence conclusively established the absence of an agreement.

■ Where there is no agreement to a specific rate of interest, the statutory rate of 6 percent is read into the agreement, and is the maximum rate of interest allowed on the transaction. *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217, 221 (Tex.1979); *Windhorst v. Adcock Pipe & Supply,* 547 S.W.2d 260, 261 n. 2 (Tex.1977); Article 5069–1.03, Tex.Rev.Civ.Stat.Ann. A party charging more than 6 percent interest under such circumstances is subject to the statutory penalties provided in Article 5069–1.06.

■ At the time Marine filed its counterclaim, the only agreement pleaded by Triton was the letter agreement. Triton filed no answer to Marine's counterclaim in which any other agreement was alleged. The letter agreement showed on its face no provision for any interest to be charged. Thus, under Article 5069–1.03, a 6 percent rate of interest was read into the agreement as the only interest allowed by law. Since it was uncontroverted that Triton charged a 10 percent rate of interest, Marine made out a prima facie case of usury against Triton. *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d at 219. Triton therefore had the burden of introducing sufficient evidence of an agreement to charge 10 percent interest in order to overcome Ma-

rine's prima facie case and raise a fact question. *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 136 S.W.2d 207, 209 (1940).

The only evidence of such agreement introduced by Triton was the interest-charging invoices sent to Marine, and testimony from Triton's financial officer that Marine never complained of the charges. The officer also testified that Marine never paid any of the charges, but that they were deducted from Marine's share of the proceeds of the well. Triton asserts Marine's silence was evidence of acquiescence to the interest charges. Triton also asserts that its deduction of the charges from Marine's share of the proceeds was tantamount to payment by Marine. We disagree.

In *Preston Farm & Ranch Supply v. Bio-Zyme Enterprises,* 625 S.W.2d 295 (Tex. 1981), the issue was whether there was any evidence to establish an agreement by Preston Farm to pay interest on its account with Bio-Zyme Enterprises. Bio-Zyme sold stock feed to Preston Farm on an open account and sent invoices to Preston Farm which reflected an interest charge of 1 percent per month on Preston Farm's unpaid balance. Preston Farm did not complain of the interest charges, but did, however, continue making purchases and payments on the account. We held that continued payments and purchases after receipt of the interest-charging invoices constituted evidence of an agreement between the parties to pay interest as merchants under the Uniform Commercial Code. 625 S.W.2d at 298. However, we went on to hold that the mere failure to object within a reasonable time to the interest charges, without more, could not establish an agreement between the parties:

The provisions imposing a service charge served only to propose to [the debtor] the terms upon which credit would be extended. By his conduct in making continued purchases and payments, [the debtor] accepted this proposal.

625 S.W.2d at 300.

■ This analysis properly may be applied to the instant case. Triton's unilater-.

al acts of charging interest on Marine's invoices and deducting those charges from Marine's share of the proceeds are not evidence of an agreement between the parties to the 10 percent interest charges. There was no evidence of any conduct by Marine indicating its acceptance of those terms. While it is true Marine never complained of the interest charges, Marine also never paid them. Triton's act of deducting the charges from Marine's share of the proceeds does not constitute payment of those charges, particularly since Marine never received any of the proceeds.

■ An issue is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059, 1063 (1898); 3 R. McDonald, Texas Civil Practice § 12.08, at 294 (Rev.ed.1970). We hold this evidence does not overcome Marine's prima facie case and raise a fact question as to the existence or nonexistence of an agreement. Since the evidence conclusively establishes the absence of an agreement, no question of waiver under Rule 279 is presented.

The judgment of the court of appeals is affirmed.