**Beverly CAMPBELL, Appellant,**

v.

**FIRST BANK AND TRUST OF CLEVELAND, Texas, Appellee.**

**No. 09–85–212 CV.**

Court of Appeals of Texas, Beaumont.

June 19, 1986.

Rehearing Denied Aug. 20, 1986.

Oscar E. Reed, The Woodlands, for appellant.

Malcolm Cohn, Cleveland, Thomas A. Wheat, Liberty, for appellee.

OPINION

DIES, Chief Justice.

This is an appeal from a summary judgment. Appellee (Bank) brought suit on two promissory notes against Appellant. Appellant answered by general denial and filed a counterclaim which alleged that the notes in question were usurious in that they did not provide for a specified rate of interest and yet charged Appellant with finance charges amounting to more than six percent per annum. Appellee filed a motion for summary judgment supported by affidavits and exhibits establishing that Appellant executed the notes and that the notes were unpaid and owing. Appellant filed an answer to the motion for summary judgment which was not supported by any affidavits or exhibits. The trial court granted Appellee's motion for summary judgment.

The judgment of the trial court expressly held that Appellant take nothing by her counterclaim, and that Appellee recover $49,845.21, which represented the principal and interest owing on the two notes, plus attorney fees of $7,500.00, as provided in the notes.

By her first point of error, Appellant urges that the trial court erred in granting summary judgment upon the two notes because they did not provide for a specific rate of interest. The first note in question was for the principal amount of $25,476.34. The note called for payment of sixty monthly installments of $594.94. The total finance charge for the loan was shown as $10,220.06. No entry was made in the space marked "Interest". The total of all payments was shown as $35,696.40, and the "Annual Percentage Rate" was "14.11%".

The second note was for the principal sum of $7,752.52. This note was to be repaid within three months. The "Finance Charge" was to be $386.56, for a total payment of $8,139.08. Once again, there was no entry in the space marked "Interest". The "Annual Percentage Rate" was shown as "20.00%".

In an appeal from the granting of a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 549.

In the present case, the Appellant presented no affidavits supporting her answer to the Appellee's motion for summary judgment. Appellant apparently relied upon the evidence presented by Appellee, and other papers which had been filed in the case. Such documents do not constitute summary judgment evidence. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The evidence presented to the trial court was sufficient to establish that the Appellant and Appellee had agreed upon a specific rate of interest which was shown as "Annual Percentage Rate" on the face of each note. Therefore, Appellant's first point of error is overruled.

Appellant's second point of error is as follows:

"The Trial Court erred in rendering Summary Judgment granting the Appellee's Motion for Summary Judgment denying Appellant's counterclaim for usury, forfeiture of the two notes of Appellee, and double interest penalties as provided for in Article 5069–1.03 and 1.06 of the Texas Revised Civil Statutes Annotated."

The only basis upon which Appellant ever alleged that the interest charged was usurious was that there was no agreement as to a specified interest rate on the two notes. Appellant's counsel stated during the hearing that Appellant's case depended entirely upon whether the case came within the rule announced in *Triton Oil and Gas Corp. v. Marine Contractors and Supply, Inc.*, 644 S.W.2d 443 (Tex.1982). Appellant's reliance on *Triton* is misplaced because, in that case, there was no provision for any interest to be charged on the face of the agreement. In the present case, the notes evidenced an agreement that the "Annual Percentage Rate" listed upon the face of each note represented interest. Such evidence being uncontroverted by any evidence presented by either party left no material fact question in the case. Therefore, Appellant's second point of error is overruled.

By her third point of error, Appellant urges that the trial court erred in not rendering judgment for Appellant since she argues that there were material controverting issues of law and fact entitling Appellant to recover on her counterclaim of usury. For the reasons already explained in discussion of Appellant's first two points of error, we hold that, under the evidence, there were no issues of material fact or law

outstanding. Therefore, Appellant's third point of error is overruled, and the judgment of the trial court is hereby affirmed.

Affirmed.