# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00564-CV

**Philip C. Shaffer, Appellant**

**v.**

**Atilla Frink, as Trustee of the Frink Family Trust, Appellee**

## FROM THE DISTRICT COURT OF HOOD COUNTY, 355TH JUDICIAL DISTRICT
## NO. C2000269, HONORABLE RALPH H. WALTON, JR., JUDGE PRESIDING

Appellant Philip Shaffer appeals the district court=s judgment in favor of Atilla Frink, Trustee for the Frink Family Trust (the Trust), for breach of contract. Specifically, appellant contends the trial court erred by: (1) granting the Trust=s motion for partial summary judgment on the issue of appellant=s liability for breach of contract, (2) calculating damages to include both loss of sale and loss of use, and (3) including the provisions of a Rule 11 agreement in the final judgment. We will affirm the judgment of the trial court.

## BACKGROUND

On January 5, 2000, appellant entered into a contract with the Trust to purchase property. On January 6, the tenant then leasing the property from the Trust, M-Priss Enterprises, vacated the property and removed certain items. On January 8, the Trust assigned its lease with M-Priss Enterprises to appellant, and the two parties jointly pursued a claim against M-Priss Enterprises for breach of the lease

contract and theft. Don Williams leased the property after M-Priss Enterprises and also defaulted on the lease.

Appellant failed to timely close on the property according to the terms of the contract, and pursuant to paragraph twenty-one of the contract, the parties attended a mediation proceeding. On June 6, 2000, the parties entered into a written mediation agreement which, according to its language, modified the terms of the original contract and resolved all disputes arising under it. The agreement altered the purchase price under the contract and extended the closing date to July 21, 2000. The agreement further required that the Trust Aassign all leases and other causes of action arising from or relating to the property to Shaffer.@ During the mediation proceedings, the Trust allegedly verbally released Williams from any claims made by the Trust or appellant. Appellant maintains that in order to close on the property, the Trust was required to assign Williams=s lease to him under the contract and mediation agreement.

Appellant again failed to timely close on the property. In August 2000, the Trust brought suit against appellant alleging breach of contract. On February 20, 2001, the Trust filed a motion for partial summary judgment on the issue of appellant=s liability, which the trial court granted.

On March 1, 2001, appellant leased the property to a third party, Debra Haynes, and accepted funds in connection with the lease. The Trust sought a protective order to prohibit the lease or, in the alternative, to protect the funds appellant received from Haynes under the lease. The parties resolved their disputes concerning Haynes=s lease through a Rule 11 agreement.

The issue of damages was tried before the bench on May 2, 2001. The trial court rendered final judgment and ordered that the Trust recover $110,509.87 from appellant for breach of contract.

Appellant challenges the summary judgment on the issue of liability as well as the judgment awarding damages to the Trust.

## DISCUSSION

*Summary Judgment*

In his first issue, appellant contends that the trial court erred by granting the Trust=s motion for partial summary judgment as to his liability for breach of contract. The Trust=s motion asserts that appellant failed to close on the property twice, once under the original contract and once under the mediation agreement, and therefore breached the purchase contract. Appellant asserts both in his summary judgment response and on appeal that there are several material fact issues present, and that summary judgment was improperly granted. Appellant fails to cite authority to support this issue; however, he provides citation to the record as evidence of the existing fact issues. Because the summary judgment standard is well established, we construe the requirements of Rule 38.1(h) liberally and address the merits of appellant=s first issue. *See* Tex. R. App. P. 38.9.

The propriety of a summary judgment is a question of law; therefore, we review the trial court=s decision *de novo. Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep=t. of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.CAustin 1999, no pet.). The standards for reviewing a traditional motion for summary judgment are well established: (1) the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be

indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court must look to the evidence before the trial court to see whether each ground specifically presented to the trial court is proven as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979).

In order to prevail on a breach of contract claim, the plaintiff must prove: (1) the existence of a valid contract, (2) plaintiff=s compliance with the terms of the contract, (3) defendant=s breach of the contract, and (4) damages as a result of the breach. *See Scott v. Sebree*, 968 S.W.2d 364, 372 (Tex. App.CAustin 1999, pet. denied). To prevail on summary judgment, a plaintiff must conclusively establish all elements of his cause of action as a matter of law. *See* Tex. R. Civ. P. ' 166a(c); *Nixon*, 690 S.W.2d at 548. A matter is conclusively established if reasonable minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982).

Appellant specifically contends that there are three material issues of fact that prevent summary judgment as to breach of contract. First, appellant argues that the Trust=s failure to include an assignment of the existing lease with the contract and mediation agreement in its summary judgment evidence creates a material fact issue as to whether the assignment is part of the parties= contract. However, appellant included the assignment with his evidence in support of his response to the Trust=s motion for summary judgment. The assignment was therefore properly before the district court. Further, the existence of the assignment is not disputed by the parties. Thus, the failure of the Trust to include the assignment in its summary judgment evidence does not constitute a material fact issue as to whether appellant breached the purchasing contract.

Second, appellant contends that there is a material fact issue as to whether his closing on the sale of the property was conditioned upon receiving an assignment of the Trust=s claims against Williams, a former tenant. However, appellant does not complain on appeal that the Trust failed to fulfill its obligations under the contract, and that issue is not before this Court. The Trust presented summary judgment proof in the form of a letter written by its attorney discussing a mutual oral release of Williams during the mediation proceeding. An interested party=s affidavit may form the basis for summary judgment if it is uncontroverted and Aclear, positive and direct, otherwise credible and free from contradiction and inconsistencies, and could have been readily controverted.@ Tex. R. Civ. P. 166a(c). **The Trust=s affidavit clearly states that an oral release occurred during the mediation. Appellant did not dispute this affidavit in his response to summary judgment. The Trust=s affidavit therefore serves as summary judgment proof that Williams was released from any future claims concerning the lease. There is no material fact issue as to whether appellant=s closing was conditioned upon assignment of the Trust=s claims against Williams.[1]**

Third, appellant contends that there is a material fact issue as to whether the Trust complied with the contract by maintaining insurance on the property, and whether the Trust failed to make claims for insurance coverage regarding alleged damage to the property as required by the contract. The parties

---

[1] Appellant states in an affidavit that he believed the assignment of Williams was a requirement under the contract, and that if the Trust subsequently orally released Williams, there was no meeting of the minds and the contract was void. However, appellant does not challenge the existence of a valid contract on appeal.

dispute whether there was actual damage to the party. However, appellant=s affidavit states that there was significant damage to the property as a result of hail storms. Assuming without deciding that appellant=s affidavit is sufficient proof of damage to the property, we conclude that whether the Trust maintained insurance on the property does not constitute a material fact issue. The casualty loss provision in the original purchase contract states:

> [The] seller shall restore the property to its previous condition as soon as reasonably possible, but in any event by the closing date. If seller is unable to do so without fault, buyer may . . . terminate the contract . . . or accept the property, in its damaged condition and accept an assignment of insurance proceeds.

Under the contract, the Trust was not obligated to maintain insurance.[2] Although the mediation agreement provides that AFrink shall inform Shaffer of the amount and type of insurance coverage on the property,@ it does not require the Trust to maintain insurance. The agreement merely requires the Trust to inform the appellant of the amount and type of insurance if the Trust insures the property. Further, even if the Trust maintained insurance, it had no obligation to make claims for insurance proceeds in the event of property damage. Under the contract, the Trust had the option of restoring the property prior to closing, which, the record reflects, has not occurred. Finally, appellant does not contend and the record does not reflect that the property has not been restored. Therefore, there is no issue of material fact as to whether the Trust was required to maintain insurance or that the Trust failed to claim insurance coverage. Because none of

---

[2] We note that while the contract did not require the Trust to maintain insurance, the record reflects that the Trust=s mortgage company required insurance to be maintained on the property. However, the mortgage company=s requirements are irrelevant to appellant=s issue.

appellant=s complaints on appeal establishes the existence of an issue of material fact, we overrule appellant=s first issue.

*Damages*

In his second issue, appellant contends that the trial court erred by calculating the damage award to include elements of both loss of use and loss of sale, instead of requiring the Trust to elect a remedy. Appellant contends that as a matter of law, the Trust was not entitled to damages for both loss of use and loss of sale. Whether the trial court applied the improper measure of damages is a question of law subject to a *de novo* review. *Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 60 (Tex. App.CEl Paso 2000, no pet.). However, the final judgment does not reflect a distinction between damages for loss of use and loss of sale. The final judgment reflects only that the trial court awarded the Trust damages in the amount of $110,509.87. Thus, we cannot determine whether the court awarded damages for loss of sale, loss of use, or both.

Even if appellant=s contention is correct, we hold that it was not error to award damages for both loss of use and loss of sale in the present case. The universal rule for measuring damages for breach of contract is just compensation for the loss or damage actually sustained. *Lafarge Corp. v. Wolff, Inc.*, 977 S.W.2d 181, 187 (Tex. App.CAustin 1998, pet. denied). To restore an injured party to the position he would have been in had the contract been performed, it must be determined what additions to the injured party=s wealth have been prevented by the breach and what subtractions from his wealth have been caused by it. *Id.* (citing 5 *Corbin on Contracts* ' 992 (1964)).

7

The record supports the trial court=s damage award. The record reflects that during the time the Trust was waiting to close on the property, it incurred mortgage payments of $44,634.47. During this time, the Trust also continued to pay taxes in the amount of $11,191.50, as well as insurance on the property in the amount of $2,183.90. Had appellant closed on the property according to the contract, the Trust would not have incurred these costs.

In addition to causing the above damages, the nature of appellant=s breach prevented the Trust from selling or renting the property. After failing to close on the property for a second time, appellant executed an assignment of lease to Haynes, thereby preventing the Trust from selling or renting the property. The Trust was deprived of these proceeds by appellant=s failure to close, breach of the contract, and subsequent assignment to a third party. The record reflects that the Trust was unable to collect rent in the amount of $5000 per month for ten months, totaling $50,000.

The record reflects that the trial court=s damage award justly compensated the Trust for the damages sustained as a result of appellant=s breach and that the amount awarded is within the range of the evidence of damages in the record. Accordingly, appellant=s second issue is overruled.

### *Inclusion of Rule 11 Agreement in Final Judgment*

In his third and final issue, appellant contends that the trial court erred by including the provisions of the parties= Rule 11 agreement in the final judgment. Appellant argues that the Rule 11 agreement was not supported by the pleadings or the letter decision, and was therefore incorrectly embodied in the final judgment. Appellant fails to cite authority to support this issue; however, we will again

construe the requirements of Rule 38.1(h) liberally and address the merits of appellant=s third issue. *See* Tex. R. App. P. 38.9.

The Rule 11 agreement was signed by and therefore binding on the parties prior to the final judgment. Therefore, the trial court=s inclusion of the provisions of the agreement in the final judgment did not affect the parties. Even if the Rule 11 agreement had not been included in the final judgment, the parties would have been obligated to follow it.

The district court had the discretion to include those provisions necessary to render a final judgment, including the provisions of the Rule 11 agreement. Further, contrary to appellant=s contention, the Rule 11 agreement conforms to the Trust=s pleadings. In its original petition, the Trust=s prayer requested Asuch other and further relief, at law or in equity, to which Plaintiff is justly entitled.@ We find no error in the trial court=s decision to include the provisions of the Rule 11 agreement in the final judgment. Further, appellant does not contend and we do not conclude that the district court=s inclusion of the provisions of the Rule 11 agreement in the final judgment probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). Accordingly, appellant=s third issue is overruled.

### CONCLUSION

We overrule all of appellant=s issues and affirm the trial court=s judgment.

_____

**Marilyn Aboussie, Chief Justice**

**9**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   May 2, 2002

Do Not Publish