Jennifer Adams v. Groesbeck ISD
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-313-CV

     JENNIFER ADAMS,
                                                                              Appellant
     v.

     GROESBECK INDEPENDENT 
     SCHOOL DISTRICT,
                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 25,650A
                                                                                                                   

MEMORANDUM OPINION
                                                                                                                  
      Jennifer Adams filed suit under the Whistleblower Act asserting that Groesbeck Independent
School District (“GISD”) had not renewed her teacher’s contract in retaliation for a grievance she
filed a year earlier. The trial court granted GISD’s motion for summary judgment, and Adams
appeals. Finding that GISD asserted and conclusively proved an affirmative defense under the Act,
we will affirm the judgment.
      GISD’s motion for summary judgment asserts three grounds: 
      •    Adams did not exhaust administrative remedies regarding the non-renewal of her contract
before filing the lawsuit, as required by the Whistleblower Act (traditional motion); 
      •    there is no evidence establishing that Adams’s contract was not renewed because of her
whistleblowing (no-evidence motion); and 
      •    Adams’s contract was not renewed for reasons related to her performance as a teacher and
unrelated to her whistleblowing (traditional motion). 
The trial court’s summary judgment does not state the grounds upon which it was granted. 
      Adams raises six issues on appeal: (1) If the trial court considered GISD’s reply to Adams’s
response to the summary judgment motion, that was error, because the reply was filed after the
summary judgment hearing without leave of court; (2) Adams did not fail to exhaust her
administrative remedies; (3) Adams’s summary judgment evidence establishes that there is a genuine
issue of fact about whether the whistleblowing occurred within ninety days of GISD’s decision to
suspend and/or terminate Adams’s employment, thereby invoking the presumption that the
whistleblowing was a motivating factor in the decision; (4) GISD’s summary judgment evidence does
not establish that there is no genuine issue of fact about whether the whistleblowing occurred within
ninety days of GISD’s decision to suspend and/or terminate Adams’s employment, thereby invoking
the presumption that the whistleblowing was a motivating factor in the decision; (5) Adams’s
summary judgment evidence establishes that there is a genuine issue of fact about whether the
whistleblowing was a motivating factor in GISD’s decision to suspend and/or terminate Adams’s
employment; (6) GISD’s summary judgment evidence does not establish that there is no genuine issue
of fact about whether Adams’s contract would not have been renewed whether or not she engaged
in whistleblowing.
History of the Dispute
      Adams filed three grievances with GISD. The first, filed on August 26, 1998, complained that
GISD had not timely shared her performance appraisal with her, thereby depriving her of the
opportunity to request a second appraisal. 19 Tex. Admin. Code §§ 150.1003(h), 150.1005 (2003)
(Tex. Educ. Agency). She ultimately prevailed on this complaint when, on June 24, 1999, an
administrative law judge appointed by the Commissioner found that the appraisal was untimely and
therefore void. Her second grievance in 1998 complained about harassment and unfair treatment at
school for filing the first grievance; it was held in abeyance by agreement of the parties and was
never pursued.
      Adams’s third grievance was over her contract. On March 26, 1999, Adams was notified that
her contract would not be renewed. At her request, a hearing before the GISD Board was held on
May 5. The Board voted not to renew her contract, and official notice was sent to Adams on May
11. She filed a grievance about the non-renewal on May 27, claiming its basis was retaliation for her
appeal to the Commissioner regarding her first grievance. By agreement of the parties, the third
grievance proceeded directly to the GISD Board. After a hearing on June 22, the Board denied this
grievance.
Issue 1: Reliance on Reply to Response to Summary Judgment
      Issue 6: Did Poor Job Performance Cause the Non-renewal? 
      The Whistleblower Act provides an affirmative defense, which GISD asserted in the traditional
part of its motion for summary judgment:
It is an affirmative defense to a suit under this chapter that the employing state or local
governmental entity would have taken the action against the employee that forms the basis of the
suit based solely on information, observation, or evidence that is not related to the fact that the
employee made a report protected under this chapter of a violation of law.

Tex. Gov’t Code Ann. § 554.004(b) (Vernon Supp. 2004).
standard of review
      We review a summary judgment de novo. Rucker v. Bank One Texas, N.A., 36 S.W.3d 649, 653
(Tex. App.—Waco 2000, pet. denied). When, as here, the trial court does not specify the basis for
the summary judgment, we will affirm it if any one of the movant’s grounds has merit. FM
Properties Operating v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2000); Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995). “Rule 166a provides a method of summarily terminating
a case when it clearly appears that only a question of law is involved and that there is no genuine fact
issue.” Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999). The movant has the burden
to prove by summary judgment evidence that “there is no genuine issue as to any material fact and
the moving party is entitled to judgment as a matter of law on the issues expressly set out in the
motion.” Id; Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); Tex. R.
Civ. P. 166a(c). If the movant for summary judgment is a defendant, then the movant must negate
at least one of the elements of the non-movant's cause of action, or alternatively, the movant must
conclusively establish each element of an affirmative defense. Clifton v. Hopkins, 107 S.W.3d 755,
757 (Tex. App.—Waco 2003, no pet.). The non-movant need not respond to the motion for summary
judgment unless the movant meets its burden of proof. Rhone-Poulenc, 997 S.W.2d at 222-23. But
if the movant meets its burden of proof, the non-movant must present summary judgment evidence
to raise a fact issue. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). We must
accept as true all evidence that is favorable to the non-movant, and we must resolve all doubts and
indulge every reasonable inference regarding the existence of a genuine issue of fact in favor of the
non-movant. Rhone-Poulenc, 997 S.W.2d at 223; Nixon, 690 S.W.2d at 548-49.
proof of the affirmative defense
      GISD’s motion for summary judgment was supported by proof of intentional disparagement of
a student and other reasons for non-renewal of the contract. The summary judgment evidence shows
that on March 25, 1999, the superintendent notified Adams by letter that renewal of her contract
would not be recommended to the Board, listing ten reasons for the recommendation. On April 23,
the attorney for the district supplied Adams’s attorney with a list of forty-six specific grounds to be
asserted at the hearing Adams requested, along with a list of the evidence and copies of documents. 
The record of the hearing held on May 5 includes testimony and exhibits–appraisals, memoranda, and
other written communications–about Adams’s conduct as a teacher that was asserted as grounds for
non-renewal. No evidence was presented concerning Adams’s allegations of retaliation. 
Nevertheless, Adams asserts that there is a genuine issue of fact about whether GISD would have
decided not to renew her teacher’s contract without her whistleblowing and that GISD’s summary
judgment evidence does not conclusively show that her contract would not have been renewed based
solely on job performance.
      A matter is conclusively established if ordinary minds could not differ as to the conclusion to be
drawn from the evidence. Ridenour v. Herrington, 47 S.W.3d 117, 120 (Tex. App.—Waco 2001,
pet. denied) (citing Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443,
446 (Tex. 1982)). The summary judgment record is replete with evidence of legitimate, non-retaliatory reasons for the non-renewal of the contract. After a careful review of the evidence
submitted in support of the summary judgment motion by GISD and Adams’s responsive evidence,
considered in the light most favorable to Adams, we conclude that GISD conclusively proved its
affirmative defense, i.e., that the Board “would have taken the action against the employee that forms
the basis of [this] suit based solely on information, observation, or evidence that is not related to”
Adams’s whistleblower claims. Id.; Tex. Gov’t Code Ann. § 554.004(b). We overrule issue six.
Conclusion
      Having overruled Adams’s first and sixth issues, we need not address her remaining issues. We
affirm the summary judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Chief Justice Davis not participating)



Affirmed
Opinion delivered and filed November 12, 2003
[CV06]