**Opinion filed February 14, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00077-CV

_____

## ALFREDO GARCIA, JR., Appellant

## V.

## APACHE CORPORATION, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 50,316**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it granted Apache Corporation's traditional motion for summary judgment and dismissed Alfredo Garcia, Jr.'s lawsuit against Apache. Apache based its motion on Chapter 95 of the Texas Civil Practice and Remedies Code. In three issues, Garcia contends that the trial court erred when it ruled that the provisions of Chapter 95 protect Apache from his lawsuit. We affirm.

The summary judgment evidence shows that Apache was the owner of a tank battery. The tank battery comprises several 500-barrel steel tanks and a ventilation system. Apache wanted to install a new flare system and emissions control, and it hired Blakely Construction to modify some existing piping on the tank battery.

Garcia, an employee of Blakely, and another Blakely worker climbed on top of one of the tanks to disconnect a 30-foot section of the existing piping. The pipe was bolted on one end to the top of the tank, and the other end of the pipe was fastened to an elevated riser, or A-frame, which was located south of the tank. Garcia attached his fall protection lanyard to that pipe. He and the other Blakely employee then unbolted the end of the pipe from the top of the tank and placed the disconnected end on a temporary stand that was on top of the tank. The temporary stand was not attached or secured. The other end of the pipe remained fastened to the riser that was located south of the tank.

As Garcia continued to work, the wind speed increased and caused the temporary stand to blow over. When the temporary stand blew over, the pipe slid off the sloped surface of the tank and fell to the ground, and because Garcia's fall protection lanyard was still connected to that pipe, he fell to the ground with it. Garcia suffered extensive injuries.

Garcia sued Apache for injuries that he received from the fall. Apache eventually filed a traditional motion for summary judgment and claimed that the provisions of Chapter 95 protected Apache from liability for Garcia's claims. The trial court granted Apache's motion, without stating its reasons therefor, and dismissed Garcia's lawsuit. In three issues on appeal, Garcia basically argues that the summary judgment evidence in this case did not conclusively establish that Apache is entitled to protection from Garcia's claims under Chapter 95.

Section 95.002(1) of the Texas Civil Practice and Remedies Code provides that Chapter 95 applies to claims "(1) against a property owner, contractor, or

subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor." TEX. CIV. PRAC. & REM. CODE ANN. § 95.002(1) (West 2011). Section 95.002(2) provides further that the claim must arise "from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement." *Id.* § 95.002(2).

Section 95.003 provides as follows:

A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:

(1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and

(2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

*Id.* § 95.003.

It is undisputed that Chapter 95 applies to this lawsuit. Because Chapter 95 is applicable, Garcia has the burden to satisfy both conditions contained in Section 95.003. *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 51–52 (Tex. 2015). Therefore, before Apache can be held liable for Garcia's injuries, Garcia must show that Apache retained or exercised control over the manner in which Garcia performed the work. If it is shown that Apache retained or exercised control, then it must also be shown that Apache had actual knowledge of the danger or condition that resulted in Garcia's injuries and then failed to adequately warn Garcia of the

danger or condition. *Id.*; *Kelly v. LIN Television of Tex., L.P.*, 27 S.W.3d 564, 567 (Tex. App.—Eastland 2000, pet. denied).

Apache filed a traditional motion for summary judgment, not a no-evidence one. In this appeal, Apache maintains, among other things, that it conclusively established that it did not retain or exercise control over the danger or condition that caused Garcia's injury.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The movant for traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When we review a traditional motion for summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the novant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

We will affirm a traditional summary judgment in favor of a defendant only when the record shows that the defendant has conclusively disproved at least one element of each of the plaintiff's claims or has conclusively established all the elements of an affirmative defense as to each claim. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). If a defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *Plunkett v. Conn. Gen. Life Ins. Co.*, No. 11-13-00129-CV, 2015 WL 3484985, at *4 (Tex. App.—Eastland May 29, 2015, pet. denied) (mem. op.).

4

We agree with Apache's contention that it conclusively established that it neither retained nor exercised the control contemplated in Section 95.003(1). That being true, Garcia bore the burden to present summary judgment evidence that raised a material issue of fact as to whether Apache retained or exercised control. *See* CIV. PRAC. & REM. § 95.003(2); *Abutahoun*, 463 S.W.3d at 51–52.

There is nothing in the summary judgment record to show that Apache retained any control over the project. Therefore, the question is whether Apache exercised control over the work being done by Blakely.

The type of control contemplated in Section 95.003(1) refers to a property owner's right to control the means, methods, or details of the manner in which the work is performed to the extent that those doing the work are not entirely free to do the work in their own way. *See Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999). Although *Elliott-Williams* is a common law case, the first prong of Section 95.003 is a codification of the common law. *Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688, 699 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). A right of control "must extend to the 'operative detail' of the contractor's work." *Chi Energy, Inc. v. Urias*, 156 S.W.3d 873, 880 (Tex. App.—El Paso 2005, pet. denied). The control must involve the means, method, or details of the work. *Id.* at 879. It is not enough that the owner has the right to order the work to stop and start, to inspect progress, or to receive reports, or that the owner recommends a safe manner for the independent contractor's employees to employ in the performance of the work. *See* CIV. PRAC. & REM. § 95.003(1); *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606–09 (Tex. 2002).

The summary judgment evidence includes Apache's admissions that it had the right to stop work, that it could shut down the work if it saw an unsafe condition, that it could specify that certain equipment should be used, and that it could shut down the job if that equipment was not used. Those types of activities are not

5

sufficient to show the exercise of control. *Torres v. Chauncey Mansell & Mueller Supply Co.*, 518 S.W.3d 481, 492–95 (Tex. App —Amarillo 2017, pet. denied).

Garcia relies upon an "Internal Incident Report" that Apache personnel prepared after the accident. There is nothing in that report to show that Apache controlled the means, methods, or details of the way that Blakely employees were to perform the work or that those employees were not entirely free to do the work in their own way. *See Elliott-Williams Co.*, 9 S.W.3d at 804. Further, there is nothing in the record to show that Apache exercised the kind of control that "extend[ed] to the 'operative detail' of the contractor's work." *See Chi Energy*, 156 S.W.3d at 880. On the day that Garcia fell from the tank, as well as the day before, there were no Apache supervisors present at the jobsite who could instruct Blakely employees on the details of how they were to perform their work. Milton Miller, who was substituting for Apache's regular supervisor over the jobsite, was at another Apache location when Garcia fell. Miller did not know that Blakely employees would be working on top of the tank that day.

Garcia relies upon *Lee Lewis Construction, Inc. v. Harrison*, 70 S.W.3d 778, 784 (Tex. 2001), and *Redinger v. Living, Inc.*, 689 S.W.2d 415 (Tex. 1985), in support of his position. Those cases are distinguishable. Unlike the case now before us, there was evidence that the premises owners in both of those cases did in fact exercise actual control over the manner, means, and details of the work. *See Lee Lewis*, 70 S.W.3d at 784; *Redinger*, 689 S.W.2d at 418.

We hold that Apache conclusively established that it neither retained nor exercised control over the work that Blakely was hired to do. It was Garcia's burden to then present summary judgment evidence that raised a genuine issue of material fact as to control; he did not. We overrule Garcia's first issue on appeal.

In his second issue on appeal, Garcia takes the position that this is "a classic negligent activity, failure to supervise case." Garcia maintains that "Miller's

6

absence (the failure to exercise control) doesn't *excuse* the negligence; Miller's absence *is* the negligence." Regardless of the name given to Garcia's claim, it is a negligence claim that arises from the condition or use of an improvement to real property and, as such, is subject to Chapter 95. Chapter 95 applies to all independent contractor claims for damages that are caused by a property owner's negligence, if the requirements of Section 95.002 are satisfied. *Abutahoun*, 463 S.W.3d at 43–44; *Torres*, 518 S.W.3d at 486. Those claims include ones that involve the contemporaneous negligent activities of the premises owner. *Abutahoun*, 463 S.W.3d at 48.

Chapter 95 applies to Garcia's claim, even if it is couched as a negligent-failure-to-supervise claim. Because Chapter 95 applies to Garcia's claim and because Garcia did not meet his summary judgment burden on the control issue contained in Section 95.003(1), we overrule Garcia's second issue on appeal.

In view of our holding regarding the control issue, we need not reach Garcia's third issue on appeal in which he addresses the actual-knowledge and failure-to-warn elements of Section 95.003(2).

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

February 14, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J. not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.