**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00356-CV**
_____

**GREG HILLIGIEST, Appellant**

**V.**

**PARADISE COVE PROPERTY OWNERS ASSOCIATION, Appellee**

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV16,812**

**MEMORANDUM OPINION**

Appellant, Greg Hilligiest, appeals the summary judgment granted in favor of the Paradise Cove Property Owners Association (PCPOA) on Hilligiest's claims that PCPOA wrongfully denied his application for a permit to build a metal garage building on one of the lots he owned in the subdivision. For the reasons set forth below, we affirm.

1

## BACKGROUND

Hilligiest bought four lots in Paradise Cove in 2017. In 2019, Hilligiest bought an additional lot adjacent to his original four lots. Hilligiest planned to build his garage on this additional lot. When he bought these lots, Hilligiest knew that the lots were subject to deed restrictions and a Property Owners Association. Hilligiest also admitted that he was aware of the deed restrictions and By-Laws that were meant to be enforced by the Board of PCPOA with a review process that included submission of his plans to the Architectural Control Committee ("ACC"). The deed restrictions require that plans, specifications, and plat plans be submitted in writing and approved by the ACC. Specifically, the restrictive covenants filed in the County Clerk's Office state in relevant part, "[n]o building shall be erected, placed or altered on any lot in this subdivision until the plans, specifications and plat plans showing the location of such building has been approved in writing by the Architectural Control Committee…."

When Hilligiest had his house built in Paradise Cove, he personally submitted the request for approval of the building plans, which the ACC approved. Years later, when Hilligiest sought to build the garage that is the subject of this suit, he used the form required by the ACC. That form is titled "REQUEST FOR APPROVAL (RFA) TO MAKE A CHANGE TO PROPERTY," and includes the following instructions:

1. Complete this form, then sign and date.
2. A written description of the planned change must be attached and submitted with this RFA.
3. If the requested change pertains to the construction of a home or any other structure, . . . you are required to attach distinguishable architectural plans, a plat plan and architectural specifications. Restricted dimensions must be shown on related drawings (e.g. foundation height, set back distances, building dimensions, etc.). Architectural specifications must include type of structure, e.g. wood frame, light gage metal frame, masonry, etc., foundation type, roof type, siding type, and window type.
4. Plat plan must include placement of all structures, septic system, driveways, walkways, etc. with all required dimensions.
5. Minimum requirements of the Deed Restrictions must be met for all residential construction.
6. Mail this form and information to [address]. Using the required RFA form, Hilligiest submitted his request to the ACC on February 1, 2021. In describing the nature of the change he was requesting, Hilligiest's RFA stated that he planned to "build a 40x40 garage. . . . 40x40 enclosed w/20x40 carport under same roof ridge." Although Hilligiest testified in his deposition that he attached the plat to his RFA, he conceded that his RFA did not include architectural specifications or plans, or the foundation height.

The ACC rejected Hilligiest's request on February 26, 2021, stating:

1. The RFA (Request for Approval) is incomplete.
    a. See instruction section of RFA form attached.

2. Per Article III in the By-laws, the community is described as Residential, and shall be maintained as residential in Character.

3. The exterior of the proposed structure is not considered to be keeping with the residential character required by the By-Laws.

Hilligiest sued the PCPOA, seeking a declaratory judgment and an injunction in his favor. Hilligiest also sought attorney's fees. In his suit, Hilligiest alleged the PCPOA abused its discretion by denying his application for the construction of a

3

metal garage building. He sought a declaration that the By-Laws violated the original deed restrictions and that the deed restrictions—not the By-Laws—should be followed when considering his application. He alleged that his application must be approved by the PCPOA because it complies with the deed restrictions. To remedy this denial, Hilligiest requested the court to declare his rights under the deed restrictions and grant a mandatory injunction to approve his application submitted to PCPOA on February 1, 2021. The PCPOA counterclaimed, seeking its attorney's fees. Hilligiest and the PCPOA both moved for summary judgment.

After litigation ensued but prior to summary judgment, Hilligiest submitted another application to the ACC on May 23, 2023. Once again, the ACC denied the application on the basis that it was incomplete. As with the first denial, the ACC notified Hilligiest that the second request did not contain a plat drawing with detailed dimensions from the property setback lines and did not list the foundation type and height.

Hilligiest argued in the summary judgment hearing that David L. Sheffield, Trustee, was the proper party to approve the plans because Sheffield, the original developer, never transferred control of the ACC to the PCPOA. In response, the PCPOA pointed out that Hilligiest acknowledged the authority of the current ACC when he submitted both ACC form applications for approval of his plans for the garage and again when he filed his suit seeking a declaratory judgment and

4

injunction. Hilligiest also alleged PCPOA and the ACC waived the restrictions by allowing structures similar to the one he planned to build. He argued the PCPOA abandoned the restrictions against metal garages by allowing the presence of other metal structures.

Hilligiest points to the Property Code and the requirement that restrictive covenants shall be liberally construed to give effect to its purposes and intent. *See* Tex. Prop. Code Ann. § 202.003(a). He argues that restrictive covenants restricting the free use of land are not favored by the courts. Finally, he argues that the ACC and the PCPOA abused their discretion by denying his application to build the metal garage building.

The trial court granted summary judgment in favor of the PCPOA and granted the PCPOA's request for attorney's fees. Neither party requested the trial court to make findings of fact and conclusions of law, and the trial court therefore made none.

## STANDARD OF REVIEW

We review an order granting summary judgment de novo. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). Like a trial court's summary-judgment ruling, courts review a trial court's interpretation of a restrictive covenant de novo. *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 279 (Tex. 2018) (internal citation omitted). In our de novo review, we review the evidence presented in the motion and the response in the light most favorable to the nonmovant,

crediting favorable evidence to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The party moving for a traditional motion for summary judgment bears the burden of showing no genuine issue of material fact exists and that he is entitled to judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c); *Nassar*, 508 S.W.3d at 257. A matter is conclusively established if ordinary minds could not differ as to the conclusion derived from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). When, as is the case here, both sides move for summary judgment and the trial court grants one and denies the other, we review the summary-judgment evidence presented by both sides and determine all of the questions presented. *Fielding*, 289 S.W.3d at 848. Also when, as here, the trial court did not specify the exact basis for its ruling we must affirm the summary judgment if any of the grounds asserted are meritorious. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

## ANALYSIS

The Texas Property Code provisions controlling restrictive covenants provide, in relevant parts:

6

§ 202.003. Construction of Restrictive Covenants.

(a) A restrictive covenant shall be liberally construed to give effect to its purposes and intent.

(b) In this subsection, "family home" is a residential home that meets the definition of and requirements applicable to a family home under Chapter 123, Human Resources Code. A dedicatory instrument or restrictive covenant may not be construed to prevent the use of property as a family home. However, any restrictive covenant that applies to property used as a family home shall be liberally construed to give effect to its purposes and intent except to the extent that the construction would restrict the use as a family home.

Tex. Prop. Code Ann. § 202.003(a), (b).

§ 202.004. Enforcement of Restrictive Covenants.

(a) An exercise of discretionary authority by a property owners' association or other representative designated by an owner of real property concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory.

Tex. Prop. Code Ann. § 202.004(a).

§ 209.015. Regulation of Land Use: Residential Purpose.

. . .

(c) An owner must obtain the approval of the property owners' association or, if applicable, an architectural review authority […] established by the association or the association's dedicatory instruments, based on criteria prescribed by the dedicatory instruments specific to the use of a lot for residential purposes, including reasonable restrictions regarding size, location, shielding, and aesthetics of the residential purpose, before the owner begins the construction, placement, or erection of a building, structure, or other improvement for the residential purpose on an adjacent lot.

Tex. Prop Code Ann. § 209.015(c).

Restrictive covenants are subject to general rules of contract construction. *See Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). "Whether restrictive covenants are ambiguous is a question of law." *Id*. "Courts must examine the covenants as a whole in light of the circumstances present when the parties entered the agreement." *Id*. We believe the restrictive covenants for the PCPOA are clear and unambiguous in this case where they provide that "[n]o building shall be erected, placed or altered on any lot in this subdivision until the plans, specifications and plat plans showing the location of such building has been approved in writing by the Architectural Control Committee…."

The evidence before the trial court as submitted by both parties through cross-motions for summary judgment shows two incomplete applications for approval of the metal garage building. Each application fails to present supporting documentation for two things: 1) they did not contain a plat drawing with detailed dimensions from the property setback lines to the proposed building location; and 2) they did not list the foundation type and height. Hilligiest acknowledged this requirement when he was deposed about the first application he submitted before he submitted his second application. The PCPOA in both its answer to Hilligiest's petitions and in its motions for summary judgment raised the condition precedent as

8

an affirmative defense that a complete written application must be submitted to the ACC with specifications, plans, and plat plans for approval.

Failure to comply with a condition precedent is an affirmative defense to a breach of contract claim. *See James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 404 (Tex. 2022). A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation. *Id.* (citing *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010)). Since Hilligiest has not met the condition precedent to have his application for approval of the metal garage building considered and approved, he cannot enforce any alleged breach of the obligation of the PCPOA to exercise its discretion to approve or deny the application. *See James Constr. Grp.,* 650 S.W.3d at 404, 413.

Hilligiest has not complied with the restrictive covenant found in the deed restrictions requiring "No building shall be erected, placed or altered on any lot in this subdivision until the plans, specifications and plat plans showing the location of such building has been approved in writing by the Architectural Control Committee." Therefore, the trial court did not err in granting PCPOA's motion for summary judgment, because Hilligiest did not meet the conditions precedent to have his applications considered. We overrule Hilligiest's initial issue.

9

We need not consider Hilligiest's remaining three issues because our disposition of these issues would not alter the outcome of this appeal. *See Lightning Oil Co.,* 520 S.W.3d at 45; Tex. R. App. P. 47.1.

## CONCLUSION

Having determined that the trial court did not err by granting summary judgment in PCPOA's favor, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on August 28, 2025
Opinion Delivered October 16, 2025

Before Johnson, Wright and Chambers, J.J.