Susan **RABE**, Appellant,

v.

**DILLARD'S, INC.**, Appellee.

No. 05–05–01344–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 2007.

Rehearing Overruled March 5, 2007.

---

3. The record reflects that Stock had moved his permanent residence to Florida.

Noemi A. Collie, Noemi A. Collie, P.C., Dallas, for appellant.

Edwin E. Wright, III, Kristi Carole Myers, Stradley & Wright, P.C., Dallas, for appellee.

Before Justices FITZGERALD, RICHTER, FRANCIS.

## OPINION

Opinion By Justice RICHTER.

Susan Rabe appeals the summary judgment granted in favor of Dillard's Inc. In a single issue, appellant contends the trial court erred in granting summary judgment because there were genuine issues of material fact concerning her affirmative defense of duress. Because we conclude that the trial court did not err, we affirm the summary judgment.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

The standard of review in a traditional summary judgment case is well-established. *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 836 (Tex.App.-Dallas 2005, no pet.); *see Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Orozco v. Dallas Morning News, Inc.*, 975 S.W.2d 392, 394 (Tex.App.-Dallas 1998, no pet.). A plaintiff who conclusively proves all elements of its cause of action as a matter of law is entitled to summary judgment. *See* TEX.R. CIV. P. 166a(c); *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex.1995). When a defendant moves for summary judgment on his counterclaim, the burden is the same as for a plaintiff moving for summary judgment on his cause of action. *Daniell v. Citizens Bank*, 754 S.W.2d 407 (Tex.App.-Corpus Christi 1988, no writ). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). Once the movant establishes that he is entitled to judgment as a matter of law, the burden shifts to the nonmovant to present evidence which raises a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A nonmovant who wishes to assert an affirmative defense must urge the defense in the response and provide enough evidence to create a fact issue on each element of the defense. *Jones v. Texas Pac. Indem. Co.*, 853 S.W.2d 791, 795 (Tex.App.-Dallas 1993, no writ).

## II. Background

Rabe sued Dillard's alleging injury from a fall on Dillard's premises. The parties conducted a mediation, which Rabe attend-

ed by telephone conference, and which her attorney attended in person. A settlement was reached, and Rabe authorized her attorney to execute the agreement on her behalf. Rabe subsequently refused to sign the settlement documents and dismissal. As a result, Dillard's filed a counterclaim for breach of contract based on Rabe's failure to honor the settlement agreement and then moved for summary judgment on the counterclaim. In response to Dillard's motion, Rabe asserted that she had entered the settlement agreement under duress. Rabe's affirmative defense was premised on a statement allegedly made by counsel for Dillard's during the mediation. According to Rabe, counsel threatened to contact the worker's compensation carrier to advise that Rabe had a prior injury and was "doctor shopping" for narcotics. The trial court granted the motion for summary judgment and awarded Dillard's its attorney's fees. This appeal followed.

### III. Analysis

█ Rabe asserts that the trial court erred when it granted summary judgment in favor of Dillard's on the enforceability of the settlement agreement because she raised a genuine issue of fact on her affirmative defense of duress. Duress is characterized as the result of threats which render persons incapable of exercising their free agency and which destroy the power to withhold consent. *Dallas County Community College Dist. v. Bolton,* 185 S.W.3d 868, 877 (Tex.2005); *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex.2006). To establish duress, there must be proof of a threat to do something which the threatening party has no right to do. *Wolfe v.C.S.P.H., Inc.,* 24 S.W.3d 641, 645 (Tex. App.-Dallas 2000, no pet.). The compulsion must also be "actual and imminent" and destroy free agency without means of protection. *Dallas County Community College Dist.,* 185 S.W.3d at 877; *see also*

*Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.* 994 S.W.2d 830, 837 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

█ Rabe's only summary judgment evidence consisted of statements she made in an affidavit. One of these statements describes the alleged threat made by the attorney for Dillard's during the mediation. This statement is not competent summary judgment evidence. The Texas Rules of Civil Procedure require that affidavits submitted as summary judgment evidence set forth facts that would be admissible in evidence. *See* TEX.R. CIV. P. 166a(f); *see also Powell v. Vavro, McDonald and Associates, LLC,* 136 S.W.3d 762, 764 (Tex.App.-Dallas 2004, no pet.). Communications made during an alternative dispute resolution procedure are confidential, and may not be used as evidence. See TEX. CIV. PRAC. & REM.CODE ANN. § 154.073(a) (Vernon 2006); *see also, In Re Cartwright,* 104 S.W.3d 706, 713, 714 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). Because there was no competent summary judgment evidence of a threat, we need not consider whether Rabe raised a question of fact as to any of the remaining elements of her claim. The absence of evidence of a threat is fatal to Rabe's claim of duress. *See e.g., Brandes v. Rice Trust, Inc.,* 966 S.W.2d 144, 146 (Tex.App.-Houston [14th Dist.] 1998, pet. denied) (nonmovant opposing summary judgment based on an affirmative defense must produce sufficient summary judgment evidence to raise a fact issue as to each element of the affirmative defense). Accordingly, the trial court did not err when it granted summary judgment on Dillard's counterclaim. The judgment of the trial court is affirmed.