Mariano **MORENO**, Appellant,

v.

Sergio **SILVA**, Appellee.

No. 05–09–00624–CV.

Court of Appeals of Texas, Dallas.

July 20, 2010.

Frank P. Hernandez, Dallas, TX, for Appellant.

Jeffrey L. Clark, Kelsoe, Anderson, Khoury & Clark, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice RICHTER.

This is an appeal from the trial court's order granting summary judgment in favor of Sergio Silva. In two issues, appellant Mariano Moreno contends the trial court abused its discretion by denying his motion for a continuance and granting Silva's motion for summary judgment. Finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Silva sued Moreno to recover money Moreno owed him. The trial court ordered the parties to mediation. At mediation the parties entered into a written settlement agreement that required Moreno to pay Silva the sum of $24,500 within one year, on or before November 27, 2008. The agreement stated that the case would be administratively closed and dismissed with prejudice if Moreno fully paid Silva. The settlement agreement was signed by Moreno, Silva, and both of their attorneys. The trial court granted an agreed motion

to administratively close the case on December 31, 2007.

Moreno failed to pay Silva in accordance with the settlement agreement. On December 4, 2008, Silva filed a motion to reopen the case. The trial court granted Silva's motion to reopen on December 10, 2008. On December 10, 2008, Moreno's attorney filed a motion to withdraw as counsel for Moreno, due to an unmanageable conflict of interest between attorney and client. The trial court granted the motion to withdraw on January 12, 2009.

On December 11, 2008, Silva filed a second amended original petition, adding a claim for breach of the written settlement agreement. Moreno did not file an answer to Silva's second amended original petition. On January 22, 2009, Silva filed a motion for summary judgment. Moreno did not file a response to Silva's motion for summary judgment. The motion was scheduled to be heard on February 19, 2009, but was postponed to March 2, 2009, at the request of Moreno.

On the date of the hearing, Moreno filed a document titled "Defendant's Verified Motion For Continuance." In his pro se motion, which was not verified, Moreno stated he needed additional time to hire a new attorney to file an answer to the amended second petition and the motion for summary judgment. Moreno also asserted that although he signed the settlement agreement, he did so under duress and later advised his attorney that he did not agree with it. Moreno refused to sign the final draft of the settlement agreement.

After hearing the arguments of the parties, the trial court denied Moreno's motion for continuance and granted Silva's motion for summary judgment. A final judgment was signed on March 2, 2009.

On April 1, 2009, Moreno filed a pro se motion for reconsideration of the trial court's ruling on Silva's motion for summary judgment and Moreno's motion for continuance, and a pro se response in opposition to Silva's motion for summary judgment. On May 6, 2009, Moreno filed an affidavit in support of his motion for reconsideration. On May 18, 2009, Silva filed a response objecting to Moreno's motion for reconsideration. Silva also asserted that because seventy-five days had passed, Moreno's motion was overruled by operation of law on May 18, 2009. At a hearing on May 22, 2009, the trial court ruled from the bench that Moreno's motion for reconsideration was overruled by operation of law. The trial court also signed an order denying Moreno's motion for reconsideration. This appeal followed.

## II. DISCUSSION

■ Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Cooper v. Circle Ten Council Boy Scouts of Am.,* 254 S.W.3d 689, 693 (Tex.App.-Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.,* 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.).

### Motion for Continuance

In his first issue, Moreno asserts the trial court abused its discretion by refusing to grant his pro se motion for continuance. The denial of a motion for continuance is reviewed under an abuse of discretion standard. *General Motors v. Gayle,* 951 S.W.2d 469, 476 (Tex.1997) (orig. proceeding); *Garner v. Fidelity*

*Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.-Dallas 2008, no pet.). The trial court's ruling will not be reversed unless the record shows a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). After reviewing the entire record, we may reverse for abuse of discretion only if we determine the trial court's ruling was clearly arbitrary and unreasonable. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

■ Pursuant to rule 251, a trial court may grant a continuance for sufficient cause supported by affidavit or by consent of the parties. Tex.R. Civ. P. 251. According to Moreno's motion, he requested the continuance because he needed additional time to hire a new attorney. Moreno cites *Villegas v. Carter* to support his argument that the trial court abused its discretion by denying his motion for continuance. *See Villegas*, 711 S.W.2d at 626–27. In *Villegas*, the Texas Supreme Court concluded that the trial court should have either denied the attorney's motion to withdraw two days before trial or granted Villegas' request for a continuance to hire a new attorney. *Id.* at 627. When a trial court allows an attorney to voluntarily withdraw, it must give the party time to obtain new counsel and time for the new counsel to investigate the case and prepare for trial. *Id.* at 626. In contrast to *Villegas*, Moreno had sufficient time within which to obtain new counsel but did not take steps to do so. Moreno's attorney filed a motion to withdraw on December 11, 2008. Moreno did not object to his attorney's motion to withdraw. The motion to withdraw was granted on January 12, 2009. At Moreno's request, the trial court rescheduled the hearing on Silva's motion for summary judgment from February 19 to March 2. There is nothing in the record to suggest that Moreno tried to hire a new attorney

after his attorney withdrew. Instead, at the hearing on March 2, 2009, Moreno told the trial court he had not hired a new attorney or filed a response to Silva's motion for summary judgment because he had been talking to Silva and thought they were going to work out a deal.

■ Furthermore, Moreno's motion for continuance was not verified or supported by affidavit. *Id.; see also Garner*, 244 S.W.3d at 858. Moreno titled his motion "Defendant's Verified Motion for Continuance" and suggests it meets the requirements for an affidavit because he included the statement, "I affirm under the penalties of perjury that the foregoing representations are true." However, there is no evidence that Moreno made such statements in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. *See Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564–65 (Tex.App.-El Paso 2007, pet. denied). If a motion for continuance is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion in denying the motion. *Villegas*, 711 S.W.2d at 626; *Garner*, 244 S.W.3d at 858.

We conclude the trial court did not abuse its discretion in denying Moreno's motion for continuance. Tex.R. Civ. P. 251; *Garner*, 244 S.W.3d at 859. We resolve Moreno's first issue against him.

### Summary Judgment

Moreno contends the trial court erred in granting summary judgment in favor of Silva on the breach of the settlement agreement because "no legal foundation existed for the summary judgment at the time it was filed or at the time it was granted by the trial court." Moreno asserts he raised a genuine issue of fact in his motion for continuance by his state-

ment that although he signed the settlement agreement, he did so under duress and later advised his attorney that he did not agree with it.

The standard for reviewing a traditional motion for summary judgment is well established. *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Ling v. BDA & K Bus. Servs., Inc.,* 261 S.W.3d 341, 345 (Tex.App.-Dallas 2008, no pet.). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Kastner v. Jenkens & Gilchrist, P.C.,* 231 S.W.3d 571, 576 (Tex.App.-Dallas 2007, no pet.). A party moving for a traditional summary judgment is charged with the burden of establishing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). Once the movant establishes that he is entitled to judgment as a matter of law, the burden shifts to the nonmovant to present evidence which raises a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). A nonmovant who wishes to assert an affirmative defense must urge the defense in the response and provide enough evidence to create a fact issue on each element of the defense. *Rabe v. Dillard's, Inc.,* 214 S.W.3d 767, 768 (Tex.App.-Dallas 2007, no pet.).

Silva's motion for summary judgment was based solely on Moreno's breach of the settlement agreement entered into by the parties during mediation. To prove his claim for breach of contract, Silva was required to establish: (1) the settlement agreement was a valid contract; (2) he performed his obligations under the agreement; (3) Moreno failed to perform his obligations; and (4) he was damaged by Moreno's breach. *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Association,* 205 S.W.3d 46, 55 (Tex.App.-Dallas 2006, pet. denied). Silva's summary judgment evidence consisted of Silva's affidavit, the signed settlement agreement, and the affidavit of Silva's attorney. Silva identified the parties to the agreement, identified their signatures, and summarized the terms of the settlement agreement. Silva also described his own performance and Moreno's failure to perform. Additionally, the motion and affidavits detailed Silva's damages in the amount of $24,500, plus $5,000 in attorney's fees.

■ Moreno did not file a response to Silva's motion. His only "summary judgment evidence" opposing Silva's summary judgment motion consisted of unsupported, conclusory statements made in the motion for continuance he filed on the day of the hearing. Moreno's motion for continuance was not competent summary judgment evidence. *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995) (pleadings are not competent evidence, even if sworn or verified); *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971) (pleadings, even if sworn, are not summary judgment evidence).

■ Even if we were to construe Moreno's motion for continuance as summary judgment evidence, it was not filed timely. *See* TEX.R. CIV. P. 166a(c). Moreno did not seek leave of court for the late filing of his so-called evidence. Rule 166a(c) permits the late filing of summary judgment evidence but only with leave of court. *Id.; see also Benchmark Bank v.*

*Crowder,* 919 S.W.2d 657, 663 (Tex.1996). Where nothing in the record indicates that late filing of summary judgment response or evidence was with leave of court, we presume the trial court did not consider the response or evidence. *See Benchmark Bank,* 919 S.W.2d at 663; *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985); *Mathis v. RKL Design/Build,* 189 S.W.3d 839, 842–43 (Tex.App.-Houston [1st Dist.] 2006, no pet.). The record does not reflect the trial court signed an order granting Moreno leave to file late evidence. Thus, at the hearing on Silva's motion for summary judgment, the only summary judgment evidence before the trial court was Silva's affidavit, the signed settlement agreement, and the affidavit of Silva's attorney.

 After the trial court granted Silva's motion for summary judgment, Moreno filed a motion for reconsideration and a response in opposition to Silva's motion for summary judgment. Moreno's motion for reconsideration sought leave of the trial court to file a late response in opposition to Silva's motion for summary judgment. A month later, Moreno filed an affidavit in support of his motion for reconsideration. Notwithstanding its title, the affidavit restates and supplements Moreno's response in opposition to Silva's motion for summary judgment. There is nothing in the record to indicate the trial court granted leave for Moreno to file a late response and a late supporting affidavit. Therefore, we presume Moreno's response and affidavit were not properly before the trial court. *See Benchmark Bank,* 919 S.W.2d at 663; *Mathis,* 189 S.W.3d at 842–43. We will not consider as grounds for reversal any summary judgment evidence not expressly presented to the trial court by written motion, answer, or other response. *Mathis,* 189 S.W.3d at 843.

Once Silva established that he was entitled to judgment as a matter of law, the burden shifted to Moreno to present evidence which raised a genuine issue of material fact. *See Clear Creek Basin Auth.,* 589 S.W.2d at 678. Because Moreno did not present competent summary judgment evidence that raised a genuine issue of material fact, the trial court did not err when it granted summary judgment in favor of Silva. *See Rabe,* 214 S.W.3d at 768. We resolve Moreno's second issue against him.

### III. CONCLUSION

The trial court did not err when it denied Moreno's motion for continuance and granted Silva's motion for summary judgment. The judgment of the trial court is affirmed.