MEMORANDUM OPINION

 

No. 04-10-00318-CV

 

Guadalupe LOPEZ
and YinYin Zhu Lopez,

Appellants

 

v.

 

SONIC RESTAURANTS,
INC. and Robert Martinez,

Appellees

 

From the 150th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008-CI-01966

Honorable John D.
Gabriel, Jr., Judge Presiding

 

Opinion by:   Catherine Stone, Chief Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  October 13, 2010

 

AFFIRMED

 

           Guadalupe
Lopez and Yin Yin Zhu Lopez sued Sonic Restaurants, Inc. and Robert Martinez
for defamation.  The trial court granted Sonic and Martinez’s amended motion
for no evidence and traditional summary judgment.  In their pro se brief,
the Lopezes list three issues as being presented; however, a brief must contain
a clear and concise argument of the contentions made, and the arguments
contained in the brief do not directly correspond to the three issues
presented.  See Tex. R. App. P. 38.1(i). 
Accordingly, we will address only the contentions made in the argument portion
of the Lopezes’ brief.  The Lopezes’ brief contains four separate sections
entitled argument, contending: (1) the trial court erred in granting summary
judgment because the affidavits attached to the motion were not based on
personal knowledge; (2) the trial court erred in denying the Lopezes’ motion
for continuance and granting the summary judgment before the deadline for
discovery contained in the agreed docket control order; (3) the trial court
erred in considering evidence that was protected by the work product privilege;
and (4) the trial court erred in granting summary judgment because the trial
court’s order did not conclude that Sonic and Martinez negated at least one
element of the Lopezes’ cause of action.  For the reasons stated in this
opinion, we overrule the Lopezes’ contentions and affirm the trial court’s
order.

Summary Judgment Order

           In
the Lopezes’ fourth argument, they contend the trial court erred in granting
summary judgment because the order did not conclude that Sonic and Martinez had
conclusively negated at least one element of the Lopezes’ cause of action.  We
first note that a trial court is not required to specify the ground upon which
it grants summary judgment.  Reynolds v. Murphy, 188 S.W.3d 252, 258-59
(Tex. App.—Fort Worth 2006, pet. denied).  Instead, when a trial court’s order
does not specify the basis for its summary judgment, an appellate court must
affirm the summary judgment if any of the theories presented to the trial court
are meritorious.  Provident Life & Acc. Ins. Co. v. Knott, 128
S.W.3d 211, 216 (Tex. 2003); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989).

           We
further note that Sonic and Martinez moved for summary judgment on both no
evidence and traditional summary judgment grounds.  Tex. R. Civ. P. 166a(c), 166a(i).  Although the movant in a
traditional summary judgment must show no genuine issue of material fact exists
and the movant is entitled to judgment as a matter of law, the movant in a no
evidence summary judgment is only required to assert there is no evidence as to
one or more essential elements of a claim.  Tex.
R. Civ. P. 166a(c), 166a(i).  A trial court must grant a no evidence
motion unless the respondent produces summary judgment evidence raising a
genuine issue of material fact.  Tex. R.
Civ. P. 166a(i).  Therefore, under the no evidence motion, Sonic and
Martinez were not required to conclusively negate an element of the Lopezes’
cause of action.

           Finally,
an appellant must attack every ground upon which summary judgment could have
been granted to obtain a reversal.  Malooly Bros., Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970); Krueger v. Atascosa County, 155 S.W.3d 614,
621 (Tex. App.—San Antonio 2004, no pet.).  “Unless an appellant has
specifically challenged every possible ground for summary judgment, the
appellate court need not review the merits of the challenged ground and may
affirm on an unchallenged ground.”  Krueger, 155 S.W.3d at 621.  In this
case, the Lopezes’ brief does not challenge every possible ground on which the
trial court’s summary judgment could have been based.  In fact, the Lopezes’
arguments are procedural ones, challenging the trial court’s consideration of
certain evidence and its timing, rather than arguments attacking the grounds on
which the summary judgment could have been granted.

           The
Lopezes’ fourth argument is overruled.

Personal Knowledge

           In
their first argument, the Lopezes contend the trial court erred in granting
summary judgment because the affidavits attached to Sonic and Martinez’s motion
do not satisfy the requirement that they be based on personal knowledge.  We
first note that the Lopezes’ complaint has not been preserved for our
consideration.  In order to preserve error for an appellate court’s
consideration, the record must show that a complaint was made to the trial
court by a timely objection, and the trial court ruled on the objection.  Tex. R. App. P. 33.1(a).  An objection
that an affidavit is not based on personal knowledge is one of form.  Clarendon
Nat’l Ins. Co. v. Thompson, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston [1st
Dist.] 2006, no pet.);  Thompson v. Curtis, 127 S.W.3d 446, 450
(Tex. App.—Dallas 2004, no pet.).  Failure to obtain a ruling on an objection
to form does not preserve the complaint for appellate consideration  Clarendon
Nat’l Ins. Co., 199 S.W.3d at 490 n.7; Thompson, 127 S.W.3d at 450. 
Because the record in this case does not show that the trial court ruled on the
objections made by the Lopezes, the complaint that the affidavits were not
based on personal knowledge was not preserved for appellate review.

           Even
if the complaint had been preserved, however, we would overrule it on its
merits.  Rule 166a(f) of the Texas Rules of Civil Procedure requires an
affidavit to be based on personal knowledge.  Tex.
R. Civ. P. 166a(f).  This requirement is satisfied if the affidavit
reflects how the affiant gained personal knowledge of the matters discussed in
the affidavit.  Waite v. BancTexas-Houston, N.A., 792 S.W.2d 538, 540-41
(Tex. App.—Houston [1st Dist.] 1990 no writ).  

Martinez’s
affidavit stated that it was based on personal knowledge and explained how he
gained personal knowledge.  Martinez explained that he was working as an
assistant manager at a Sonic Drive-In when an employee reported that she
delivered a drink to man who appeared to be wearing no pants.  Martinez then
explained that he contacted the 911 operator and informed the operator of the
employee’s report.  Accordingly, Martinez had personal knowledge that the
employee made a report and personal knowledge of the phone call he made to the
911 operator.  

Similarly,
the affidavit of Officer Ernest T. Lane also stated that it was based on
personal knowledge and explained how he gained personal knowledge.  Officer
Lane explained that he was the responding officer and made direct contact with
Mr. Lopez.  Officer Lane personally observed that Mr. Lopez appeared to be
wearing no shorts or pants.  Upon further observation, however, Officer Lane
saw that Mr. Lopez actually was wearing very short shorts that were almost the
same color as his skin.  Accordingly, Officer Lane’s affidavit reflects how he
gained personal knowledge of the matters he discusses in the affidavit.  See
id.

           The
Lopezes’ first argument is overruled.

Attorney Work Product

           In
their third argument, the Lopezes contend the trial court “abused its
discretion in bench decision denying Plaintiffs motion for continuance and
objections to Defendants summary judgment evidence and failing to review
affidavit(s) contents, clearly revealing that documents contained therein were
attorney work product.”  The nature of the Lopezes’ complaint as it relates to
attorney work product is difficult to surmise from the brief.  The only summary
judgment evidence attached to Sonic and Martinez’s motion was: (1) a
partnership agreement; (2) a lease agreement; (3) Martinez’s affidavit; (4)
Officer Lane’s affidavit; and (5) the transcript from Mr. Lopez’s deposition. 
These are all proper forms for summary judgment evidence.  See generally
Timothy Patton, Summary Judgments in Texas §§ 6.03, 6.05, 6.06 (3d ed.
2007).  Accordingly, the Lopezes’ third argument is overruled.

Timing of Motion/Continuance

           In
their second argument, the Lopezes contend the trial court erred in granting
summary judgment prior to the expiration of the discovery period set forth in
the agreed docket control order.             A party may move for a no evidence
summary judgment “[a]fter adequate time for discovery.”  Tex. R. Civ. P. 166a(i).  A discovery
deadline in a docket control order is not a conclusive measure of adequate
time.  McInnis v. Mallia, 261 S.W.3d 197, 203 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  Instead, the amount of time necessary to constitute an
adequate time for discovery depends on the facts and circumstances of each
case.  Id. at 202.  “In determining whether adequate time for discovery
has passed, we examine:  (1) the nature of the case;  (2) the nature of
evidence necessary to controvert the no-evidence motion;  (3) the length of
time the case was active;  (4) the amount of time the no-evidence motion had
been on file;  (5) whether the movant had requested stricter deadlines for
discovery;  (6) the amount of discovery already taken place;  and (7) whether
the discovery deadlines in place were specific or vague.”  Martinez v. City
of San Antonio, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet.
denied).  

In
this case, the Lopezes filed their lawsuit on February 7, 2008.  The agreed
docket control order, signed by the trial court on May 21, 2009, set the cause
for trial on February 8, 2010, and provided the deadline for discovery would be
thirty days before trial.  From the documents contained in the record, it
appears that extensive discovery had been completed, including the taking of
depositions.  Sonic and Martinez’s motion was filed on November 3, 2009, and
amended on December 1, 2009.  Accordingly, when the motion was filed,
approximately twenty-one months had passed since the lawsuit was filed, and
trial was set to begin three months from the original motion and two months
from the amended motion.  Therefore, the trial court did not abuse its
discretion in concluding that an adequate time for discovery had passed.  See
Grinnell v. Munson, 137 S.W.3d 706, 717 (Tex. App.—San Antonio 2004, no
pet.) (noting trial court’s determination that adequate time for discovery has
passed is reviewed under abuse of discretion standard).

The
Lopezes also assert the trial court abused its discretion in denying their
motion for a continuance, asserting the trial court’s granting of the motion to
withdraw filed by the Lopezes’ attorney placed them at a disadvantage.  We
review the denial of a motion for continuance under an abuse of discretion
standard.  Moreno v. Silva, No. 05-09-00624-CV, 2010 WL 2817245, at *2
(Tex. App.—Dallas July 20, 2010, no pet. h.).  When a party contends that it
has not had an adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further
discovery, or a verified motion for continuance.  Mackey v. Great Lakes
Investments, Inc., 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet.
denied).  We initially note that the Lopezes’ motion was not verified or
supported by an affidavit because the affidavit attached to the motion was not
notarized.  See Moreno, 2010 WL 2817245, at *3; Serrano v. Ryan’s
Crossing Apartments, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet.
denied) (unsworn motion is not verified); Hall v. Rutherford, 911 S.W.2d
422, 425 (Tex. App.—San Antonio 1995, writ denied) (statement without
notarization is not an affidavit).  We further note that the Lopezes’ attorney
filed his motion to withdraw on November 23, 2009.  The motion to withdraw
appears to have been based on a complaint the Lopezes filed against the attorney
with the State Bar of Texas.  The trial court’s order granting the motion to
withdraw recites that the Lopezes withdrew their objections to the motion at
the hearing.  The trial court did not conduct the hearing on the motion for
summary judgment until December 22, 2009, almost one month after the motion to
withdraw was filed.  Nothing in the record suggests that the Lopezes presented
their motion for continuance to the trial court or obtained a ruling.  See
Tex. R. App. P. 33.1 (record must
show trial court ruled on motion in order to preserve error).  Moreover,
nothing in the record suggests that the Lopezes tried to hire a new attorney
after their attorney withdrew.  See Moreno, 2010 WL 2817245, at *2
(noting record did not show steps were taken to hire new attorney); Williams
v. Bank One, Tex., N.A., 15 S.W.3d 110, 115-16 (Tex. App.—Waco 1999, no
pet.) (noting appellant failed to show diligence in securing new counsel by
identifying counsel who refused to accept her case).  Accordingly, the trial
court did not abuse its discretion in proceeding with the hearing on Sonic and
Martinez’s motion.  See Williams, 15 S.W.3d at 115-16 (no abuse of
discretion where appellant given approximately forty days to secure new counsel
and prepare for summary judgment); Holt v. D’Hanis State Bank, 993
S.W.2d 237, 240 (Tex. App.—San Antonio 1999, no pet.) (trial court did not err
in setting hearing on motion for summary judgment where appellant had
approximately thirty-five days to hire a new attorney to represent him in the
summary judgment proceeding).

The
Lopezes’ second argument is overruled.

Conclusion

The
trial court’s order is affirmed.

 

Catherine Stone, Chief Justice