**AFFIRM; Opinion Filed October 3, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01166-CV

### JOHN GLAD, Appellant
### V.
### JAMES PATTERSON RAMSEUR AS GUARDIAN OF
### THE ESTATE OF JULIA DIXON RAMSEUR, Appellee

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-02022-1**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

John Glad, appearing pro se, appeals from the trial court's adverse final summary judgment awarding appellee James Patterson Ramseur, as guardian of the estate of Julia Dixon Ramseur, damages and attorney's fees on appellee's breach of contract claim and ordering that Glad take nothing on his tortious interference claim against appellee. Glad generally contends that the trial court erred in granting summary judgment and also complains about the trial court's failure to grant his continuance and other matters unrelated to the merits of the summary judgment. For the reasons that follow, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

After James Patterson Ramseur was appointed guardian of his mother, Julian Dixon Ramseur, and her estate, he filed a lawsuit against Glad and Glad's son in probate court.

Appellee alleged that Glad exerted undue influence against his elderly and incapacitated mother that allowed Glad and his son to live rent free for a year and half in a home owned by Ramseur.[1] Appellee also alleged that Glad obtained sums of money from Ramseur. Among other causes of action, appellee asserted a breach of contract claim based on Glad's failure to pay a $30,000 promissory note he executed in favor of Ramseur. Appellee moved for a traditional summary judgment on his breach of contract claim based, in part, on Glad's deposition testimony that he had not paid the amounts due under the promissory note. In an abundance of caution, appellee also moved for a no-evidence summary judgment on Glad's claim of tortious interference which appellee contended was arguably raised in Glad's answer.

Glad filed a timely response to appellee's summary judgment motion and then filed a motion for continuance three days before the scheduled summary judgment hearing on July 23, 2012. The motion for continuance, which was not verified or supported by an affidavit, requested a ninety-day continuance noting Glad had a therapy appointment for a knee injury on the July 23. Glad also asserted the parties had not conducted "cooperative discovery." The motion for continuance and the summary judgment were both heard on July 23. The trial court denied the motion for continuance and granted appellee's motion for summary judgment. This appeal followed.

## ANALYSIS

We rejected Glad's original pro se appeal brief for numerous deficiencies including its failure to contain an index of authorities or a concise statement of the case, its failure to concisely state all issues or points for review, failure to provide a concise statement of the facts supported by record references, as well as its failure to provide a succinct, clear, and accurate statement of the arguments made with appropriate citations to the authorities and the record.

---

[1] Appellee nonsuited the claims against Glad's son on September 21, 2011.

Glad filed a corrected brief on May 30, 2013 and a corrected attachment to the corrected brief on June 6, 2013. We construe these two documents together as Glad's brief on appeal. The complaints and arguments arguably raised by these two documents remain unclear and are devoid of any record citations or citations to any legal authority except for a general reference to Rules 13 and 215.2(b) of the Texas Rules of Civil Procedure. Under the heading "Issue," Glad generally complains that "A Summary Non-Evidence Judgment was granted to the Appellee . . . in defiance of the fact of contracts, between Julia Dixon Ramseur, Owner/Landlord, with Consultant/Tenant, John Glad." Glad further contends [t]he efficacy of the proceedings of the [appellee's] attorney are inconsistent with Due Process and have created false premises with three [3] Dallas,[sic] County Courts." Glad continues, "This appeal seeks justice perfect [sic] how these tactics have broken with Rule 13 of the Texas Rules of Procedure, to injure John Glad and his son, to thwart the health disposition of Ms. Julia Dixon Ramseur, and to dismiss the Judgment, by acknowledgement of the Appellee's vacating a true lease, and Wrongfully Eviction [sic] of John Glad, Appellant."

Although we construe pro se briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable briefing requirements. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We are not responsible for identifying possible trial court error, searching the record for facts that may be favorable to party's position, or doing the legal research that might support a party's position. *See id.* To do otherwise would give pro se litigants an unfair advantage over those litigants represented by counsel. *See Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied). It is in this context that we address what appear to be Glad's appellate complaints.

To the extent that Glad complains about the denial of his pro se motion for continuance, we note that we review the trial court's denial of a motion for continuance under an abuse of discretion standard. *Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied). Our review of the record reveals that Glad's motion for continuance was not verified or supported by affidavit. Where, as here, a motion for continuance is not verified or supported by affidavit we presume the trial court did not abuse its discretion in denying the motion. *See id*. at 818.

To the extent that Glad complains about the trial court's final summary judgment or contends rules 13 and 215.2(b) of the Rules of Civil Procedure were violated, he presents no argument, legal authority, or factual basis with record citations to support his contentions. In short, Glad does not identify any legal reason why the trial court's summary judgment was incorrect or discuss how the rules of civil procedure were violated. We cannot properly review a complaint when it is not supported by argument or citation to applicable legal authority. *See Drum*, 299 S.W.3d at 364. Thus, these complaints are not sufficiently presented for appellate review and we resolve them against appellant.

To the extent that Glad complains about a wrongful eviction, we note that this complaint apparently relates to a separate eviction proceeding in justice court and is not part of the final summary judgment in the probate court from which this appeal arises. Likewise, any challenges Glad attempts to bring with respect to the underlying guardianship proceeding are not properly before us. Accordingly, these complaints present nothing for us to review in this appeal from the trial court's summary judgment.

After reviewing Glad's corrected brief and corrected attachment to the corrected brief, we conclude Glad has failed to demonstrate any reversible error in connection with the trial court's summary judgment. We resolve Glad's sole issue against him.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

121166F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN GLAD, Appellant

No. 05-12-01166-CV          V.

JAMES PATTERSON RAMSEUR AS
GUARDIAN OF THE ESTATE OF JULIA
DIXON RAMSEUR, Appellee

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-11-02022-1.
Opinion delivered by Justice Evans,
Justices O'Neill and Lang-Miers
participating.

 In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

 It is **ORDERED** that appellee James Patterson Ramseur as guardian of the estate of Julia Dixon Ramseur recover his costs of this appeal from appellant John Glad.

Judgment entered this 3rd day of October, 2013.

/David Evans
_____
DAVID EVANS
JUSTICE