**Opinion issued April 3, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00238-CV**

————————————

**ESMERALDA THURMAN, Appellant**

**V.**

**BUY GEORGE RESALE, L.L.C. D/B/A RIVERBRIDGE RESALE &
CONSIGNMENT AND KIM BOLT, Appellees**

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 10-DCV-181877**

---

**MEMORANDUM OPINION**

This appeal arises from a suit by appellant Esmeralda Thurman to recover

damages for injuries she suffered when the door of an antique armoire fell on her

foot at a consignment store. Thurman now appeals the entry of a no-evidence

summary judgment against her. On appeal, she argues that the trial court should

have granted her motion for a continuance. In the alternative, she argues that issues of material fact precluded summary judgment. We affirm.

## Background

Appellee Kim Bolt consigned an antique armoire for sale by appellee Buy George Resale, L.L.C. A shopper at the store, Esmeralda Thurman, was injured when the armoire's door fell on her foot. She retained an attorney and sued Bolt and Buy George for negligence and premises liability.

Over two years later, Thurman's attorney moved to withdraw. He was released by the court shortly thereafter. Before Thurman had retained another lawyer, Bolt and Buy George moved for no-evidence summary judgment as to all claims.

During the period preceding the hearing on the summary-judgment motion, Thurman tried to secure new counsel. She approached two attorneys, both of whom declined to represent her. However, one attorney, Ruben Franco, was interested in her case. He sent a nonlawyer "trial strategist" to attend the summary-judgment hearing with Thurman.

At the hearing, Thurman asked the trial court for a continuance so that Franco could represent her, but Bolt and Buy George would not agree to a delay. Without expressly ruling on the request for continuance, the trial court entered summary judgment in favor of Bolt and Buy George.

Franco later agreed to represent Thurman, and on her behalf he filed a "Request for Rehearing and Motion for New Trial," which was denied. Thurman timely filed notice of appeal.

**Analysis**

Thurman argues that the trial court abused its discretion by denying a continuance of the summary-judgment hearing. She claims that she had been acting pro se since the withdrawal of her first lawyer, that the first lawyer had been derelict in conducting discovery, and that the court should have granted a continuance so that Franco, who had expressed his willingness to represent her, could have propounded discovery and offered a professional response to the summary-judgment motion. In the alternative, she argues that granting a no-evidence summary judgment was improper because she identified evidence that raised issues of material fact.

## I.     Denial of continuance

"When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.*

To determine whether a trial court abused its discretion in denying a motion for continuance that seeks additional time for discovery, we consider the following non-exclusive list of factors: "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Id.*

"[W]hen a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). If withdrawal of counsel is urged as a ground for continuance, the party seeking a continuance has the burden of showing that the continued absence of professional representation is not due to her own fault or negligence. *Id.*

The trial court did not abuse its discretion in determining that Thurman failed to satisfy her burden to show that her continued lack of counsel was not due to her own fault or negligence. At the hearing, she claimed that Franco was willing to represent her and that she had been under a doctor's care while the summary-judgment motion was pending. Additionally, counsel for Bolt and Buy George stated that his firm had been contacted by two attorneys, other than Franco, who were considering representing Thurman.

Nonetheless, Thurman had several months in which to secure new counsel. *See Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied)

4

(holding that trial court did not abuse its discretion in denying motion for continuance when party had one-and-a-half months to secure new counsel but had not taken steps to do so). In those months, she did not ask the court for a stay of proceedings or, once the motion for summary judgment was filed, a continuance of the hearing thereon. Although Thurman filed a response to the motion for summary judgment, she did not request a continuance in her response. While the right to counsel should not be lightly denied in civil cases, *see Villegas*, 711 S.W.2d at 626, the fact that Thurman had several months to secure new counsel and that she did not request a continuance until the day of the hearing gave the trial court a reasonable basis to deny further delay for the appearance of new counsel. *See Moreno*, 316 S.W.3d at 818; *Gibson v. Ellis*, 126 S.W.3d 324, 332 (Tex. App.—Dallas 2004, no pet.) (holding that trial court did not abuse its discretion in denying motion for continuance of party who had provided list of sixteen lawyers from whom he claimed to have sought representation but did not otherwise explain why or how long he had been without counsel); *cf. Villegas*, 711 S.W.2d at 626 (holding that party who lacked counsel was not negligent or at fault when court had permitted his attorney to withdraw two days before trial).

With respect to the claimed need for additional time for discovery, this case had been pending in the trial court for more than two-and-a-half years at the time of the summary-judgment hearing. *See Strong v. Strong*, 350 S.W.3d 759, 763

5

(Tex. App.—Dallas 2011, pet. denied) (holding that trial court did not abuse its discretion in denying continuance when case had been pending over two years). In neither her summary-judgment response nor in her argument at the hearing did Thurman offer evidence that she had "exercised due diligence to obtain the discovery sought." *See State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988) ("It is also well established that the failure of a litigant to diligently utilize the rules of civil procedure for discovery purposes will not authorize the granting of a continuance."). On the contrary, she claimed that her prior counsel had neglected his responsibility to conduct discovery on her behalf. While we appreciate that for most of the period this case was pending, Thurman was relying on her attorney to prosecute the case, we must treat her attorney's actions in this case as her actions. *See Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986) ("The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts . . . ."). For these reasons, the trial court did not abuse its discretion by denying additional time for discovery. Thurman's issue is overruled.

## II.  No-evidence summary judgment

To prevail on a no-evidence motion for summary judgment, the moving party must establish that "there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at

trial." *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004) (quoting TEX. R. CIV. P. 166a(i)). The motion must be granted unless the non-moving party produces summary-judgment evidence that raises an issue of material fact. *Id.*

In her brief, Thurman argues that summary judgment was improper because she "offer[ed] an affidavit that gave very specific information as to an additional witness, it highlighted an individual that could have been deposed, and it offered relevant information as to records that could establish the payer for the initial medical treatment for Plaintiff . . . ." She continued, "Given an additional opportunity to secure this evidence via discovery with an allowed continuance for new counsel to pursue the same, Plaintiff believes her evidence would have overcome any burdens as to the challenged elements and that a denial of the Motion for Summary Judgment was proper herein."

Thurman's pro se response to the summary-judgment motion is not part of the clerk's record before this court. Thurman filed a copy of the response in this court, but it does not bear the district clerk's file stamp. This court ordered a supplemental clerk's record containing the documents, but the district clerk reported that she had no such filing in her records. Thurman cannot predicate a claim of error on a summary-judgment response that was not timely filed with the trial court. *See Landers v. State Farm Lloyds*, 257 S.W.3d 740, 745–46 (Tex.

App.—Houston [1st Dist.] 2008, no pet.). Nonetheless, our resolution of the appeal renders it unnecessary for us to address whether the response was actually timely filed in the trial court.

Even if we were to accept Thurman's characterization of her affidavit—that it "gave very specific information as to an additional witness . . . highlighted an individual that could have been deposed, and . . . offered relevant information as to records that could establish the payer for the initial medical treatment"—the nonmovant may not carry her burden by merely identifying persons whose testimony could be obtained or documentary evidence that could be presented. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). Rather, the nonmovant must actually attach evidence to her response or specifically identify evidence on file with the trial court. *See Speck v. First Evangelical Lutheran Church of Hous.*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st. Dist.] 2007, no pet.) ("A party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider in a summary judgment motion or a response to a summary judgment motion."). Insofar as Thurman argues that she could have obtained relevant evidence "[g]iven an additional opportunity," her argument is repetitive of her position on the trial court's decision not to grant a continuance and does not identify a fact issue. Thurman's issue is overruled.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.