**Order entered February 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01303-CV

### JOHN WILLIAMS, Appellant

### V.

### DART TRANSIT, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-00720-B**

## ORDER

Before the Court is appellant's February 3, 2015, motion to waive constitutional rights. In the motion, appellant asks this Court "not to hold the appellant to the full extent of the law as if the appellant were a skilled attorney" and to consider his brief as filed and "allow this case to be heard."

While we construe pro se briefs liberally, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dalals 2010, pet. denied) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Accordingly, to the extent appellant is asking this Court for differential treatment because he is not a licensed attorney, the motion is **DENIED**. *Id*.

By letter issued January 22, 2015, the Court notified appellant his brief did not comply with Rule 38 of the Texas Rules of Appellate Procedure and specifically identified the defects of his brief. For these reasons, some or all of appellant's issues may be subject to the waiver provisions of Rule 38. *See* TEX. R. APP. P. 38; *Keyes Helium Co. v. Regency Gas Servs., L.P.*,

393 S.W.3d 858, 861 (Tex. App.—Dallas 2012, no pet.). Accordingly, we **GRANT** appellant's February 3, 2015, motion **TO THE EXTENT** that, if appellant does not file an amended brief within **TEN DAYS** of the date of this order, the appeal will be submitted on his brief filed January 13, 2015, and subject to the waiver provisions of Rule 38. *See* TEX. R. APP. P. 38.9.

Appellee's brief is due **FORTY DAYS** from the date of this order.


/s/     CRAIG STODDART
JUSTICE