**DISMISS and Opinion Filed June 1, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00923-CV**

**TAMILA CARROLL, Appellant**
**V.**
**DAVID MULLEN, AS ADMINISTRATOR OF THE ESTATE OF SAMUEL**
**LEE MULLEN, DECEASED, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05193-A**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

This is an appeal from a judgment of possession in a forcible detainer action.

Appellant, representing herself, filed a brief that failed, in part, to include citations

to authorities and the record. *See* TEX. R. APP. P. 38.1(d), (g), (i). She was notified

by letter of the deficiencies and, as directed to do so, filed a corrected brief.

Asserting, among other arguments, that the corrected brief also fails to include

citations to authorities and the record, appellee has filed a motion for sanctions under

Texas Rule of Appellate Procedure 45 and to dismiss the appeal.[1]  *See id.* 45 (authorizing appellate court to award damages to prevailing party when appeal is frivolous).  We grant the motion, in part.

A party representing himself is held to the same standards as a licensed attorney and must comply with the requirements of our rules of appellate procedure. *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied).  Our appellate rules have specific briefing requirements to ensure the brief acquaints the court with the facts and issues in a case and presents argument that enables the court to decide the case.  *See* TEX. R. APP. P. 38, 38.9; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).  A brief must, among other requirements, include (1) a concise statement of the complaint presented for review along with pertinent facts supported by record references; (2) succinct and clear argument for why the complaint has merit; and, (3) application of relevant legal authorities with appropriate citations.  *See* TEX. R. APP. P. 38.1(f),(g),(i); *Bolling*, 315 S.W.3d at 895.  Without proper briefing, we are unable to discharge our responsibility to review and properly dispose of the appeal, and dismissal of the appeal is warranted. *See Bolling*, 315 S.W.3d at 895-96.

Appellant's corrected brief contains no citations to the record in the statement of facts or anywhere else in the brief.  And, although the brief includes an index

---

[1] Appellant has not responded to the motion, although given more than ten days to respond.

listing ten different authorities, *see* TEX. R. APP. P. 38.1(c), only a single, general reference to what appears to be Texas Civil Practice and Remedies Code section 16.024, concerning the three-year limitations period for adverse possession, is contained in the facts and argument sections. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.024.

Our letter informing appellant of the deficiencies in her original brief cautioned her that the appeal was subject to dismissal if she failed to file a compliant brief. Although we decline to grant sanctions as requested by appellee, the amended brief is wholly deficient with respect to citations to the record and authorities and warrants otherwise granting appellee's motion. *See Bolling*, 315 S.W.3d at 895-96. Accordingly, we dismiss the appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210923F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TAMILA CARROLL, Appellant

No. 05-21-00923-CV     V.

DAVID MULLEN, AS
ADMINISTRATOR OF THE
ESTATE OF SAMUEL LEE
MULLEN, DECEASED, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-05193-
A.
Opinion delivered by Chief Justice
Burns, Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered June 1, 2022.