**Opinion issued September 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00408-CV

_____

**CLYDE DENE MILES, Appellant**

**V.**

**RICHARD BABCOCK, GRETA BENNETT, AND DY NUGEN, Appellees**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCV-270490**

---

## MEMORANDUM OPINION

Appellant, Clyde Dene Miles, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's April 25, 2022 order dismissing the underlying case for want of prosecution. The clerk's record was filed on June 8, 2022, and on June 10, 2022, the appellate record was completed after the official court reporter

for the 434th District Court of Fort Bend County notified the Court that no reporter's record was taken. Accordingly, appellant's brief was due on July 11, 2022. On January 6, 2023, appellant filed a "Brief in Support" with the Court.

Texas Rule of Appellate Procedure 38.1 outlines items which must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellant's failure to file a brief that complies with the requirements of rule 38.1 can result in the Court striking a brief, and ultimately, in dismissal of an appeal. *See Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (dismissing appeal for want of prosecution where pro se appellant failed to file "corrected brief" after Court struck brief for failure to comply with Texas Rule of Appellate Procedure 38.1). Appellant's January 6, 2023 brief failed to comply with rule 38.1.[1]

Specifically, appellant's brief failed to include any of the "appropriate headings" denoting the various sections required by rule 38.1. *See* TEX. R. APP. P. 38.1. Further, appellant's brief failed to identify parties and counsel, failed to include a table of contents or index of authorities, failed to include a concise statement of "all issues or points presented for review," failed to include a concise

---

[1]     *See M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) (explaining appellate briefing requirements are mandatory).

statement of the facts, failed to include a "succinct, clear, and accurate statement of the arguments," and failed to contain a "clear and concise argument for the conclusions made with appropriate citations to authorities and the record." *See* TEX. R. APP. P. 38.1(a), (b), (c), (f), (g), (h), (i).

For these reasons, on August 8, 2023, the Court struck appellant's January 6, 2023 appellant's brief, and ordered appellant to file a corrected brief that complied with the requirements of the Texas Rules of Appellate Procedure.[2] Appellant was further notified that the failure to file a corrected brief which complied with the requirements of rule 38.1 would result in dismissal of the appeal. *See* TEX. R. APP. P. 38.8(a) (when appellant fails to file brief, court of appeals may dismiss appeal for want of prosecution or, if appellee has filed brief, may regard that brief as correctly presenting issues and affirm trial court's judgment without examining record); TEX. R. APP. P. 38.9(a) ("If another brief that does not comply with this rule is filed, the court may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief.").

---

[2] *See* TEX. R. APP. P. 38.9(a) ("If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn."); *see also* TEX. R. APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

On August 24, 2023, appellant filed a document with the Clerk of this court titled his "Brief in Support." However, appellant's corrected appellant's brief also failed to comply with rule 38.1. Appellant's brief failed to include any of the "appropriate headings" denoting the various sections required by rule 38.1. *See* TEX. R. APP. P. 38.1. The corrected appellant's brief also failed to include a table of contents or index of authorities. *See* TEX. R. APP. P. 38.1(b), (c). Additionally, appellant's redrawn brief failed to include a concise statement of "all issues or points presented for review," failed to include a concise statement of the facts, failed to include a "succinct, clear, and accurate statement of the arguments," and failed to contain a "clear and concise argument for the conclusions made with appropriate citations to authorities and the record." *See* TEX. R. APP. P. 38.1(f), (g), (h), (i).

As the supreme court has instructed, appellate courts should reach the merits of an issue whenever reasonably possible. *See Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022). To enable an appellate court to do that, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Stated differently, for an appellate court to be able to address an issue, the

appealing party must argue the issue's substance with legal and record support. *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020).[3]

An appellate court has no "obligation to construct and compose [] appellant's issues, facts, and arguments with appropriate citations to authorities and the record." *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (internal quotations omitted). Indeed, it is not an appellate court's duty to research the law that may support appellant's contentions or review the appellate record for facts that may support those contentions. *See Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.).[4]

As a result, when a brief has no substantive argument, with appropriate citations to authorities and the record, the brief is insufficient and presents no basis for reversal. *See Time Warner Cable Texas v. CPS Energy*, 593 S.W.3d 291, 296 n.28 (Tex. 2019).[5] That is the case for appellant's corrected appellant's brief.

---

[3] *See, e.g.*, *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

[4] *See also Roberts for Roberts v. City of Tex. City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

[5] *See also Johnson v. Harris Cnty.*, No. 01-18-00783-CV, 2020 WL 930835, at *3 (Tex. App.—Houston [1st Dist.] Feb. 27, 2020, no pet.) (mem. op.); *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Although Texas courts construe pro se pleadings and briefs "liberally," pro se litigants are held to the same standards that licensed attorneys must satisfy, and pro se litigants must comply with Texas rules of procedure and laws. *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Moreno*, 316 S.W.3d at 817.

Appellant has not sufficiently corrected the deficiencies in his original appellant's brief, as directed by the Court, and has not filed a corrected appellant's brief that complies with rule 38.1. In this situation, "the court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a). The Court may also dismiss the appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1).

Accordingly, we strike appellant's corrected appellant's brief, filed on August 24, 2023, prohibit appellant from filing another brief, and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9, 42.3(b), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.